■ William Grillo, Respondent, v Thomas Williams et al., Appellants. [897 NYS2d 371]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered May 19, 2009 in a personal injury action. The order, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was bitten by a dog owned by defendants. Contrary to the contention of defendants,

Supreme Court properly denied their motion seeking summary judgment dismissing the complaint. The submissions of defendants in support of their motion raised triable issues of fact whether they knew or had reason to know of the dog's vicious propensities (*see generally Collier v Zambito*, 1 NY3d 444, 446-447 [2004]). We note at the outset that defendants established in support of their motion that they did not have knowledge that the dog had previously bitten anyone. Although one of defendants' daughters testified at her deposition that she observed a red mark on the leg of an acquaintance after he claimed to have been bitten by defendants' dog, defendants established that they were not aware of that incident until after plaintiff had been bitten, and their daughter's knowledge thereof may not be imputed to them (*see Greene v Beckman*, 286 AD2d 905 [2001]; *Shannon v Schultz*, 259 AD2d 937, 938 [1999], *lv denied* 93 NY2d 816 [1999]; *Briggs v Taggert*, 255 AD2d 980 [1998]).

Even in the absence of evidence of a prior bite, however, a triable issue of fact may be raised with respect to defendants' knowledge of the dog's vicious propensities by evidence of behavior that "reflects a proclivity to act in a way that puts others at risk of harm" (*Collier*, 1 NY3d at 447). "Such behaviors can include the animal being territorial, aggressively barking when [his or] her area [is] invaded, attacking another animal, growling and biting at another dog" and jumping on individuals (*Morse v Colombo*, 8 AD3d 808, 809 [2004]; *see Calabro v Bennett*, 291 AD2d 616 [2002]; *Lagoda v Dorr*, 28 AD2d 208, 209 [1967]). Here, defendants submitted evidence that they knew their dog was territorial inasmuch as the dog had aggressively barked and growled at strangers in their presence. Defendants also submitted evidence that they were aware that the dog was "moody" and "protective" of the women in the household and that the dog tended to bark or growl if a man was too close to one of the women. Present—Centra, J.P., Peradotto, Lindley, Green and Gorski, JJ.