■ MARY KIDDER, Individually and as Parent and Natural Guardian of CINDY CHEVALIER, an Infant, Respondent, v LARRY MOORE et al., Appellants. [908 NYS2d 312]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered January 11, 2010 in a personal injury action. The order denied the motion of defendants for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her daughter when she was bitten by a dog owned by defendants. We conclude that Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. "[T]he owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (*Collier v Zambito*, 1 NY3d 444, 446 [2004]). Defendants failed to meet their initial burden inasmuch as the evidence they submitted in support of the motion raised triable issues of fact whether the dog had vicious propensities and whether defendants had knowledge of those propensities (*see Grillo v Williams*, 71 AD3d 1480 [2010]; *see also Francis v Becker*, 50 AD3d 1507 [2008]). Although defendants established that the dog had not previously bitten anyone, the proof they submitted demonstrated that they were aware that the dog had previously growled at plaintiff's daughter and that, on at least one occasion, it had to be restrained while she was nearby. Moreover, defendants acknowledged that the dog was very protective of family members and that defendant Larry Moore had placed a "Beware of Dog" sign on the front of the house. Finally, the manner in which defendants confined the dog indicated that they may have had knowledge of its vicious propensities (*see generally Collier*, 1 NY3d at 448).

We thus conclude that, by their own submissions, defendants raised a triable issue of fact whether the dog exhibited behavior other than "normal canine behavior," which would be sufficient to support a finding of liability (*id.* at 447; *see also McLane v Jones*, 21 AD3d 1376 [2005]). Present—Martoche, J.P., Centra, Carni, Lindley and Green, JJ.