■ SUSAN M. HAMLIN, Respondent, v JULIE FINK SULLIVAN et al., Appellants. [939 NYS2d 770]—

Stein, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered January 24, 2011 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

In July 2005, plaintiff was walking her dog in an area of a state park where dog owners regularly allow their dogs to be off-leash. On her way back to the parking lot, plaintiff stopped to chat with two "regulars" of the dog park—Michael Zimmerman and Jon Galt—who introduced her to defendant Julie Fink Sullivan (hereinafter defendant). Defendant was at the park with her five-year-old daughter and their dog Quinn, a golden retriever/poodle mix. Plaintiff was standing in the vicinity of defendant, Zimmerman and Galt when Quinn—who was running freely around the park—ran into her, causing her to fall and suffer various injuries. Plaintiff subsequently commenced this action seeking damages for those injuries. After discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied defendants' motion and this appeal ensued.

We reverse. " '[T]he owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held [strictly] liable for the harm the animal causes as a result of those propensities' " (*Bard v Jahnke*, 6 NY3d 592, 596 [2006], quoting *Collier v Zambito*, 1 NY3d 444, 446 [2004]; *see Gannon v Conti*, 86 AD3d 704, 705 [2011]). Thus, on their motion for summary judgment, defendants bore the "initial burden to demonstrate that, prior to the incident giving rise to the lawsuit, [they were] without knowledge that the animal possessed any vicious or dangerous propensities" (*Gannon v Conti*, 86 AD3d at 705; *see Miletich v Kopp*, 70 AD3d 1095, 1095-1096 [2010]). Vicious propensities have been defined to include "the

propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (*Collier v Zambito*, 1 NY3d at 446 [internal quotation marks and citation omitted]). Accordingly, "an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit" (*id.* at 447). Nonetheless, "[e]vidence of normal canine behavior is insufficient [to establish a vicious propensity]" (*Earl v Piowaty*, 42 AD3d 865, 866 [2007] [internal quotation marks and citation omitted]; *see Illian v Butler*, 66 AD3d 1312, 1314 [2009]).

Here, defendants offered transcripts of extensive testimony about Quinn's behavioral history, as well as the incident itself, taken at a hearing in Saratoga City Court in a proceeding pursuant to Agriculture and Markets Law § 121 and at subsequent depositions taken in the instant action. Through such testimony, they established that, on the day in question, defendant brought Quinn to the dog park for exercise. Defendant was speaking with Galt and Zimmerman, and plaintiff was standing approximately 15 to 20 feet away. A group of dogs, including Quinn, were running in a large circular loop around two adjoining fields, chasing one another. Quinn ran past defendant and, within seconds, ran into plaintiff, hitting her in the area of her knees and lower legs, knocking her legs out from under her and causing her to fall. Galt and Zimmerman testified that it appeared that Quinn was trying to stop when he hit plaintiff because he had turned his body to the side just before impact. Defendant testified that Quinn had never previously growled at, bitten, attacked or knocked over another person and had never bitten another dog. Zimmerman, who had been going to the dog park twice a day for the past four years and had known Quinn and defendants for three years, testified that Quinn is a powerful, sweet, excitable, energetic but obedient dog who is "always within [defendant's] control." This evidence was sufficient to shift to. plaintiff the burden of raising a question of fact as to defendants' knowledge that Quinn had a proclivity to run into people and knock them over (*see Alvarez v Prospect. Hosp.*, 68 NY2d 320, 324 [1986]; *Gannon v Conti*, 86 AD3d at 705; *Scheidt v Oberg*, 65 AD3d 740, 741 [2009]; *Brooks v Parshall*, 25 AD3d 853, 854 [2006]).

Plaintiff's evidence was insufficient to meet that burden. Plaintiff proffered the testimony and affidavit of her former neighbor, Dell Marie Banach, who was familiar with Quinn from

the dog park. Banach stated that Quinn was "hyper, friendly, overly-friendly" and would frequently "jump" on people, including her. This was consistent with the testimony of defendant, as well as Galt and Zimmerman, that Quinn would run up to people at the dog park and "greet" them by raising himself up on his hind legs and attempting to place his front paws on their arms or chest. Banach further stated that, despite complaints from other people at the dog park, defendant did not adequately control Quinn. However, Banach never saw Quinn knock a person down.

Banach's testimony was insufficient to raise a triable issue of fact regarding the dog's vicious propensities and defendant's notice of those propensities. Inasmuch as the behavior of which defendant admittedly had notice—jumping on people—was not the behavior that resulted in plaintiff's injury, and plaintiff failed to produce any evidence that defendant had notice of a proclivity by Quinn to run into people and knock them over, plaintiff failed to raise a question of fact to preclude summary judgment (*see Smith v Reilly*, 17 NY3d 895, 896 [2011]; *Collier v Zambito*, 1 NY3d at 446-447; *Alia v Fiorina*, 39 AD3d 1068, 1069 [2007]; *Campo v Holland*, 32 AD3d 630, 631 [2006]). Further, the testimony regarding Quinn's arguably rambunctious behavior, in general—particularly since it occurred at a dog park where dogs are expected to run around—merely reveals typical canine behavior, which is insufficient to establish vicious propensities (*see Illian v Butler* 66 AD3d at 1314; *compare Collier v Zambito*, 1 NY3d at 447-448).

In light of the foregoing, we are satisfied that defendants demonstrated their entitlement to summary judgment dismissing the complaint.

Mercure, A.P.J., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.