■ Arne Reil, Respondent, v Kathy Chittenden et al., Individually and Doing Business as Sugar Bush Farm, Appellants. [946 NYS2d 715]—

McCarthy, J. Appeal from an order of the Supreme Court (Lynch, J.), entered November 22, 2011 in Rensselaer County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff opened the door to defendants' house and called out to see if anyone was there. Defendants were not in the house, but five of their dogs who were inside rushed to the door. One dog bit plaintiff on the leg. Plaintiff struck the dog that was biting him, at which time the dog bit plaintiff's finger, partially amputating the fingertip. Plaintiff commenced this action to recover for his injuries. Defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion. Defendants appeal.

The complaint sufficiently pleaded a cause of action for strict liability. A person injured by a domestic animal may not recover from the owner through a traditional negligence cause of action, but may hold an owner strictly liable where the owner knows or had notice of the animal's vicious propensities (*see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Bard v Jahnke*, 6 NY3d 592, 599 [2006]; *Gordon v Davidson*, 87 AD3d 769, 769 [2011]). Although plaintiff cited "negligence and or gross negligence" as the basis of his complaint, we must construe pleadings liberally and ignore any defects that do not prejudice the substantial rights of any party (*see* CPLR 3026; *Kosowsky v Willard Mtn., Inc.*, 90 AD3d 1127, 1128-1129 [2011]). The complaint alleged that plaintiff was bitten by a dog owned by defendants and that "defendants knew said dog to be ferocious, vicious, and accustomed to attack and bite humans." Thus, regardless of how

plaintiff referred to his theory of recovery, he sufficiently stated a cause of action to recover for injuries related to the dog bites (*see* CPLR 3013).

Defendants submitted veterinarian records and their own deposition testimony showing that they had owned the border collie named Drake for nine years, he had never bitten anyone or acted aggressively and no one had informed them that Drake ever acted aggressively. Drake had passed a canine good citizen test, meeting 10 separate criteria. Defendants also submitted plaintiff's deposition testimony where he stated that he had previously noted defendants' dogs to be friendly and had never found them to be aggressive. Thus, defendants met their burden of establishing a lack of knowledge of vicious propensities, thereby shifting the burden to plaintiff (*see Illian v Butler*, 66 AD3d 1312, 1313 [2009]; *Brooks v Parshall*, 25 AD3d 853, 854 [2006]).

In response, plaintiff pointed to the portion of his deposition testimony where he recounted a statement made by defendant Kathy Chittenden while she drove plaintiff to the hospital following the incident. Plaintiff testified that Chittenden said, without having gone into her house or seeing the dogs, "I know the dog that did it, it was Drake." Chittenden testified at her deposition that she "did not know for sure which dog it was until [she] got home," implying that she thought or suspected which dog it was before getting home. Upon returning home, she noticed that Drake's nose was split open. According to defendants, this nose injury caused them to believe that Drake was the dog that had bitten plaintiff, consistent with plaintiff's assertion that he struck the biting dog. Chittenden testified that she may have identified Drake because he was their oldest dog and had lived in the house the longest, implying that he would be most protective of the house. Despite this attempted explanation, Chittenden's statement identifying Drake as the biter before observing his nose injury raises a factual question as to why she made that identification and whether it was based on knowledge of any vicious propensities on Drake's behalf (*see Morse v Colombo*, 8 AD3d 808, 809 [2004]). Her explanation creates a credibility question that a jury should resolve. Viewing the evidence in a light most favorable to plaintiff, Supreme Court properly denied defendants' motion for summary judgment.

Spain, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.