[989 NE2d 560, 967 NYS2d 322]

ROBERT BLOOMER, Appellant, v CHRISTINE M. SHAUGER, Respondent.

Argued March 21, 2013; decided May 2, 2013

### APPEARANCES OF COUNSEL

*Rusk, Wadlin, Heppner & Martuscello, L.L.P.*, Kingston (*John G. Rusk* of counsel), for appellant.

*Law Offices of Theresa J. Puleo*, Syracuse (*P. David Twichell* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed with costs and the certified question not answered on the ground that it is unnecessary.

Plaintiff's hand was injured because, while plaintiff was holding the halter of defendant's horse, the horse jerked her head back. According to plaintiff, the horse was reacting to an attempt by defendant to put a lead line on the horse.

Under the rule of *Bard v Jahnke* (6 NY3d 592 [2006]), plaintiff cannot recover in the absence of a showing that defendant had knowledge of the animal's "vicious propensity" or "propensity to do any act that might endanger the safety of the persons and property of others" (6 NY3d at 596-597, quoting *Collier v Zambito*, 1 NY3d 444, 446 [2004]). No such showing was made here. A tendency to shy away when a person reaches for a horse's throat or face is, as the record shows, a trait typical of horses. The Appellate Division correctly held that a vicious propensity cannot consist of "behavior that is normal or typical for the particular type of animal in question" (*Bloomer v Shauger*, 94 AD3d 1273, 1275 [2012]).

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur.

Order affirmed, with costs, and certified question not answered on the ground that it is unnecessary, in a memorandum.