The facts of this case are more fully set out in our decision affirming a determination of the Unemployment Insurance Appeal Board that disqualified claimant from receiving unemployment insurance benefits due to his commission of a felony in connection with his employment (*Matter of Engel [Commissioner of Labor]*, 106 AD3d 1318 [2013] [decided herewith]). Substantial evidence supports the Board's separate decision that claimant's behavior constituted disqualifying misconduct within the meaning of Labor Law § 593 (3) and that wages he received as a result of such employment cannot be used as the basis for a valid claim for benefits (*see* Labor Law § 527; *Matter of Sinker [Sweeney]*, 89 NY2d 485, 488 [1997]; *Matter of Vetro [Commissioner of Labor]*, 94 AD3d 1321, 1321 [2012]).

Peters, P.J., Rose, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.

■ MARY BLOOM, Respondent, v HOWARD VAN LENTEN, Appellant, et al., Defendant. [965 NYS2d 661]—

Stein, J. Appeal from an order of the Supreme Court (Nichols, J.), entered January 26, 2012 in Columbia County, which, among other things, partially denied defendant Howard Van Lenten's motion for summary judgment dismissing the complaint against him.

Plaintiff is a professional freelance canine photographer. In 2005, she met defendants, Howard Van Lenten and Tom Carty, who reside together at a home owned by Van Lenten, where they operate a dog breeding business. In July 2007, plaintiff visited defendants' home to photograph their English labrador retriever puppies, including a puppy named Delilah. Approximately three years later, plaintiff again visited defendants' home on two occasions for the purpose of photographing their new puppies. On the second of those visits, plaintiff was in defendants' backyard, where Delilah—who then weighed approximately 50 pounds—and three other full-grown dogs were

running and playing. As Delilah was being chased by the other dogs, she ran into the back of plaintiff's leg, knocking her forward and onto the ground. As a result, plaintiff sustained serious injuries.

Consequently, plaintiff commenced this action against defendants asserting causes of action sounding in negligence and strict liability. After issue was joined, defendants separately moved for summary judgment dismissing the complaint. Supreme Court partially granted the motions by dismissing the negligence cause of action, but, among other things, denied the motions with respect to the strict liability claim, finding questions of fact as to whether Delilah had vicious propensities of which defendants were aware. Van Lenten now appeals and we modify.

It is well established that " 'the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities' " (*Bard v Jahnke*, 6 NY3d 592, 596 [2006], quoting *Collier v Zambito*, 1 NY3d 444, 446 [2004]; *see Hamlin v Sullivan*, 93 AD3d 1013, 1013 [2012]). As the movants, it was defendants' burden to establish that they had no prior knowledge that Delilah had any vicious propensities (*see Reil v Chittenden*, 96 AD3d 1273, 1274 [2012]; *Thurber v Apmann*, 91 AD3d 1257, 1257 [2012]). Notably, a vicious propensity does not necessarily have to be "dangerous or ferocious" but, rather, may consist of a proclivity to act in a way that puts others at risk of harm, so long as " 'such proclivity results in the injury giving rise to the lawsuit' " (*Hamlin v Sullivan*, 93 AD3d at 1014, quoting *Collier v Zambito*, 1 NY3d at 447). Nonetheless, "normal canine behavior" is insufficient to establish a vicious propensity (*Collier v Zambito*, 1 NY3d at 447; *see Hamlin v Sullivan*, 93 AD3d at 1014; *Earl v Piowaty*, 42 AD3d 865, 866 [2007]; *Seybolt v Wheeler*, 42 AD3d 643, 645 [2007]).

Here, Supreme Court correctly found that defendants met their initial burden of establishing their lack of knowledge of vicious propensities with regard to Delilah, thus shifting the burden to plaintiff to demonstrate the existence of a triable issue of fact (*see Reil v Chittenden*, 96 AD3d at 1274; *Hagadorn-Garmely v Jones*, 295 AD2d 801, 801 [2002]). To that end, plaintiff offered her deposition testimony and affidavit in which she alleges that, after the incident, Van Lenten and Carty each told her that Delilah had previously done to them the same thing she had done to plaintiff. However, this evidence, even when viewed in the light most favorable to plaintiff (*see Reil v Chittenden*, 96 AD3d at 1274; *Thurber v Apmann*, 91 AD3d at

1258), is insufficient to establish issues of fact regarding Delilah's vicious propensity. Plaintiff's claim here is that Delilah knocked her down by running into her as the dog was running and playing in the backyard with other dogs. Plaintiff does not allege that the dog jumped on her, bit her or otherwise took any purposeful action that was directed at her. Delilah's act of running into plaintiff in the course of being playfully chased by other dogs merely consisted of normal canine behavior that does not amount to a vicious propensity (*see Hamlin v Sullivan*, 93 AD3d at 1015; *Bloomer v Shauger*, 94 AD3d 1273, 1274 [2012], *affd* 21 NY3d 917 [2013]). Accordingly, defendants conclusively demonstrated that they lacked knowledge of a vicious propensity on Delilah's part, entitling them to summary judgment dismissing the complaint.*

Peters, P.J., Rose and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Howard Van Lenten, by reversing so much thereof as denied defendants' motions; motions granted in their entirety, summary judgment awarded to defendants and complaint dismissed; and, as so modified, affirmed.

---

* Pursuant to this Court's authority to grant summary judgment to a nonappealing party (*see Shields v Carbone*, 78 AD3d 1440, 1443 n 2 [2010]), we have searched the record and find it appropriate to also dismiss the complaint against Carty.