Stein, J.
Appeal from an order of the Supreme Court (Ferradino, J.), entered March 20, 2012 in Saratoga County, which, upon reargument, adhered to its prior order denying defendant’s motion for summary judgment dismissing the complaint.
On May 24, 2008, defendant, along with Diana Weaver and Jan Wilson, rode three horses to a local tavern. Two of the horses, Whiskey and Sally, were paint horses that belonged to defendant and the third horse, Cowboy, belonged to Wilson. While defendant, Wilson and Weaver were at the tavern, Whiskey and Cowboy got loose from their restraints and took off down the road, with Wilson chasing after them on foot. Plaintiff Robert Carey (hereinafter plaintiff) was inside his nearby home, when he observed the two horses running down the road and Wilson following them. Plaintiff tried to assist Wilson in corralling the horses by following them in his car, and he ultimately pulled his vehicle in front of the horses. When the horses stopped, Wilson was able to take Whiskey’s reins, but the horses got away and, once again, took off down the road. Wilson and plaintiff continued to follow the horses and, when they stopped in a pasture, Wilson again grabbed Whiskey’s reins. She then asked plaintiff to hold Whiskey while she attempted to retrieve Cowboy. As plaintiff held Whiskey’s reins, the horse “got spooked” and “head swatted” plaintiff, who was knocked unconscious and fell to the ground; Whiskey then dragged plaintiff, who was still holding the reins, stepped on plaintiff and ran over him.
As a result of the injuries that plaintiff allegedly sustained in this incident, he and his wife, derivatively, commenced this personal injury action. After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, claiming that he did not have prior notice that Whiskey had any vicious propensities or a history of dangerous behavior.[1] Supreme Court (R. Sise, J.) denied defendant’s motion and defendant thereafter moved to reargue. Supreme Court (Ferradino, J.) granted the motion to reargue, but adhered to the *977 prior order denying defendant’s motion for summary judgment. Defendant now appeals.
We affirm. As a general rule, an owner of a domestic animal will only be held strictly liable for the harm caused by such animal if he or she “ ‘knows or should have known of that animal’s vicious propensities’ ” (Bard v Jahnke, 6 NY3d 592, 596 [2006], quoting Collier v Zambito, 1 NY3d 444, 446 [2004]; see Hastings v Sauve, 21 NY3d 122, 125 [2013]; Bloomer v Shauger, 21 NY3d 917, 918 [2013]).[2] Therefore, on his motion for summary judgment, defendant bore the initial burden of establishing that he had no prior knowledge that Whiskey had any vicious propensity (see Hamlin v Sullivan, 93 AD3d 1013, 1013 [2012]). It is now well established that a vicious propensity is “the propensity to do any act that might endanger the safety of the persons and property of others in a given situation” (Collier v Zambito, 1 NY3d at 446 [internal quotation marks and citations omitted]; see Bloomer v Shauger, 21 NY3d at 918), and includes behavior that would not necessarily be considered dangerous or ferocious if those behaviors reflect a “ ‘proclivity to act in a way that puts others at risk of harm’ ” (Bloomer v Shauger, 94 AD3d 1273, 1275 [2012], affd 21 NY3d 917 [2013], quoting Collier v Zambito, 1 NY3d at 447). However, normal or typical equine behavior is insufficient to establish a vicious propensity (see Bloomer v Shauger, 94 AD3d at 1275; Bloom v Van Lenten, 106 AD3d 1319, 1320 [2013]; Hamlin v Sullivan, 93 AD3d at 1014).
Here, in support of his motion, defendant offered, among other things, his affidavit and the deposition testimony of himself, Weaver and Wilson concerning Whiskey’s behavioral history in general, as well as the incident at issue in this case. Defendant alleged that he owned two paint horses at the time of the incident and described Whiskey as calm, docile, well-trained and sociable.[3] In addition, he claimed that he had never received complaints about Whiskey’s behavior in the past and had no knowledge of Whiskey ever moving or jerking his head violently or quickly, knocking anyone to the ground or stomping on anyone. Weaver and Wilson, both of whom were familiar with Whiskey, corroborated defendant’s testimony regarding the horse’s generally calm demeanor and the lack of a history of aggressive behavior.
*978 In opposition to the motion, plaintiffs relied, in large measure, on the deposition testimony of Thomas Merrills — a neighbor of plaintiff and a friend of defendant — who also witnessed the incident and tried to help Wilson retrieve the horses. Merrills explained that he visited defendant’s barn many times and was familiar with defendant’s horses. Merrills stated that he knew that defendant rode his paint horse often and had observed that the paint horse “would usually give [defendant] a hard time getting on and off’ and was often “circling [defendant], dancing around.” Further, Merrills testified that he had seen the paint horse rear up and stand on two legs while defendant tried to mount him and that the horse was “flighty” and “was always throwing his head in the air,” which Merrills — who had substantial experience with horses[4] — believed to be aggressive behavior that is not ascribed to horses in general (compare Bloomer v Shauger, 21 NY3d at 918). However, Merrills was not able to identify Whiskey as the paint horse that he had previously observed acting aggressively. The crux of defendant’s argument is that Merrills’ inability to make such identification renders his testimony insufficient to create an issue of fact regarding whether defendant had prior knowledge of Whiskey’s vicious propensity.
We disagree. While, indeed, plaintiffs will ultimately bear the burden of establishing at trial that defendant had notice of a vicious propensity attributable to Whiskey, it is defendant’s burden, as the movant on this summary judgment motion, to demonstrate as a matter of law the absence of such notice, i.e., that Merrills’ previous observations were of a different horse. The record, including defendant’s own testimony, clearly establishes that Whiskey was the paint horse that defendant usually rode and that defendant had ridden Whiskey to the tavern on other occasions. This supported an inference that Whiskey was the horse that Merrills previously observed acting aggressively and created a credibility issue for a jury to resolve (see Reil v Chittenden, 96 AD3d 1273, 1274 [2012]). Viewing, in a light most favorable to plaintiffs, Merrills’ testimony regarding his observations of defendant’s paint horse, together with the evidence that Whiskey was the paint horse that defendant usually rode, and giving plaintiffs the benefit of all reasonable inferences that can be drawn therefrom, we find that there are genuine issues of fact which preclude summary judgment (see Reil v Chittenden, 96 AD3d at 1274; Gannon v Conti, 86 AD3d 704, 706 [2011]; Seybolt v Wheeler, 42 AD3d 643, 645 [2007]). *979 Therefore, Supreme Court properly adhered to the prior order denying defendant’s motion for summary judgment.[5]
Rose, J.P., Spain and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

. Because the complaint set forth a claim for common-law negligence, plaintiffs cross-moved to amend the complaint to add a claim for strict liability. At that time, both parties acknowledged that a negligence claim did not lie based upon the circumstances presented. Supreme Court denied the cross motion as “unnecessary” because it found that the factual allegations contained in the complaint adequately stated a cause of action based on strict liability. Plaintiffs’ cross motion is not a subject of this appeal.

. Although plaintiffs contended at oral argument that the Court of Appeals’ recent decision in Hastings v Sauve (supra) — decided on May 2, 2013, just weeks before oral argument — permits a common-law negligence claim in this case, we need not reach that issue in light of our decision herein.

. It is undisputed that Whiskey was the horse involved in the incident herein.

. Merrills grew up around horses and worked as a trainer for 11 years.

. In the original order, Supreme Court (R. Sise, J.) made a factual error by finding that there was no evidence in the record that defendant owned another paint horse, as defendant clearly owned two paint horses (Whiskey and Sally). This factual error was the basis for Supreme Court (Ferradino, J.) granting defendant’s application for leave to reargue. Nonetheless, the court correctly concluded that summary judgment was inappropriate based upon Merrills’ testimony and the question of whether Whiskey was the paint horse that Merrills had previously observed.