# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1386**
**CA 15-00904**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

SONYA HARGRO, PLAINTIFF-RESPONDENT,

                      V                           MEMORANDUM AND ORDER

SCOTT ROSS, INDIVIDUALLY AND DOING BUSINESS
AS UNCORKED, DEFENDANT-APPELLANT.

---

LAW OFFICES OF JOHN WALLACE, BUFFALO (NANCY A. LONG OF COUNSEL), FOR
DEFENDANT-APPELLANT.

CHIACCHIA & FLEMING, LLP, HAMBURG (DANIEL J. CHIACCHIA OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered January 20, 2015 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, defendant's motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained from a dog bite. Plaintiff was inside defendant's restaurant at the time of the incident, and the dog allegedly was owned by another patron. Defendant appeals from an order denying his motion for summary judgment dismissing the complaint. We agree with defendant that Supreme Court erred in denying the motion insofar as plaintiff alleges that defendant was negligent in failing to maintain a safe premises. Plaintiff cannot recover for her alleged injuries based upon the alleged negligence of defendant in failing to maintain a safe premises, and may recover only under a theory of strict liability (*see Bernstein v Penny Whistle Toys, Inc.*, 40 AD3d 224, 224, *affd* 10 NY3d 787; *Claps v Animal Haven, Inc.*, 34 AD3d 715, 716). The court also erred in denying defendant's motion insofar as plaintiff alleges that he violated a provision of the State Sanitary Code regarding the presence of animals in food service establishments (*see* 10 NYCRR 14-1.183). A violation of a regulation is only some evidence of negligence, and negligence is not a basis for imposing liability herein (*see Petrone v Fernandez*, 12 NY3d 546, 550).

We further conclude that the court erred in denying defendant's motion with respect to plaintiff's strict liability claim. Here,

defendant met his initial burden by establishing that he lacked actual or constructive knowledge that the dog had any vicious propensities (*see Doerr v Goldsmith*, 25 NY3d 1114, 1116), and plaintiff failed to raise a triable issue of fact in that respect (*see id.; see also Collier v Zambito*, 1 NY3d 444, 447; *Buicko v Neto*, 112 AD3d 1046, 1047).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court