# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**173**

**CA 16-01147**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

CASSANDRA BLAKE, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

COUNTY OF WYOMING, DEFENDANT-APPELLANT.

---

WEBSTER SZANYI LLP, BUFFALO (RYAN G. SMITH OF COUNSEL), FOR DEFENDANT-APPELLANT.

SMITH, MINER, O'SHEA & SMITH, LLP, BUFFALO (CARRIE L. SMITH OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Wyoming County (Michael F. Griffith, A.J.), entered April 18, 2016. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she was bitten by a dog at the Wyoming County Animal Shelter. Plaintiff was working as a volunteer dog walker, and the dog had been surrendered to the shelter approximately two weeks before the incident. Defendant, the County of Wyoming (County), appeals from an order denying its motion for summary judgment dismissing the complaint. We reverse.

We agree with the County that Supreme Court erred in denying the motion with respect to plaintiff's cause of action based on strict liability. We conclude that the County met its "initial burden by establishing that [it] lacked actual or constructive knowledge that the dog had any vicious propensities" (*Hargro v Ross*, 134 AD3d 1461, 1462; *see Doerr v Goldsmith*, 25 NY3d 1114, 1116; *Collier v Zambito*, 1 NY3d 444, 446) and that, in opposition, plaintiff failed to raise a triable issue of fact (*see Hargro*, 134 AD3d at 1462). Contrary to plaintiff's contention, the fact that shelter personnel may have been informed at the time of the dog's surrender that the dog had previously knocked over a child is insufficient to raise an issue of fact as to the dog's vicious propensities to bite. Although a tendency to knock a person over may reflect "a proclivity to act in a way that puts others at risk of harm" (*Collier*, 1 NY3d at 447), plaintiff's injuries were not caused by the dog's knocking her over, and the dog's proclivity to do so, even if established, did not

"result[] in the injury giving rise to the lawsuit" (*id.; see Campo v Holland*, 32 AD3d 630, 631).

Plaintiff correctly notes that the record contains evidence of the dog's vicious propensities, i.e., evidence that the dog may have bitten an eight-year-old girl approximately four months before biting plaintiff. We nevertheless reject plaintiff's contention that the County knew or should have known of the prior incident. After that incident, Robert Jines, a County employee in the Wyoming County Health Department, Environmental Division (Health Department), was tasked with examining the dog to ensure that the victim did not require rabies shots. We conclude that, under the circumstances of this case, any knowledge of that incident obtained by Jines and the Health Department should not be imputed to the County or the shelter (*see Caselli v City of New York*, 105 AD2d 251, 255; *see also Matter of Schoen v City of New York*, 86 AD3d 575, 575). "A municipality often will have numerous employees assigned to separate and diverse agencies or departments" (*Caselli*, 105 AD2d at 255), and the record demonstrates that there is no overlap in the respective scopes of authority of the Health Department and the shelter.

We further conclude that the court erred in denying the County's motion with respect to plaintiff's negligence cause of action. "[C]ases involving injuries inflicted by domestic animals may only proceed under strict liability based on the owner's knowledge of the animal's vicious propensities, not on theories of common-law negligence" (*Lista v Newton*, 41 AD3d 1280, 1282 [internal quotation marks omitted]; *see Doerr*, 25 NY3d at 1116; *Bard v Jahnke*, 6 NY3d 592, 598-599).

Entered: February 3, 2017

Frances E. Cafarell
Clerk of the Court