# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

83
CA 16-00571
PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

NANCY J. BRADY AND PATRICK J. BRADY,
PLAINTIFFS-RESPONDENTS,

                            V                          MEMORANDUM AND ORDER

TIMOTHY J. CONTANGELO, DEFENDANT-APPELLANT.

---

HURWITZ & FINE, P.C., BUFFALO (JENNIFER J. PHILLIPS OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAW OFFICE OF FRANCIS M. LETRO, BUFFALO (CAREY C. BEYER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Mark Montour, J.), entered December 29, 2015. The order denied the motion of defendant to dismiss the complaint and for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the second and third causes of action, and as modified the order is affirmed without costs in accordance with the following memorandum: Plaintiffs commenced this action seeking to recover damages for injuries allegedly sustained by Nancy J. Brady (plaintiff) when defendant or the leashes attached to his two dogs knocked her over during a walk in a park. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) and sought summary judgment dismissing the complaint, and he contends on appeal that Supreme Court erred in denying that part of his motion seeking summary judgment dismissing the complaint.

We conclude that the court properly denied that part of defendant's motion with respect to the first cause of action, alleging that defendant was negligent in running into plaintiff. When human bodies collide, a defendant may be liable under common-law negligence principles for failing to control his or her speed or movement in the vicinity of another (*see generally Moore v Hoffman*, 114 AD3d 1265, 1266). Although both dogs and humans allegedly were involved in this collision, it is well settled that " 'there may be more than one proximate cause of an injury' " (*Mazella v Beals*, 27 NY3d 694, 706; *see Honer v McComb*, 126 AD3d 1555, 1556). Here, defendant failed to meet his burden of establishing as a matter of law that he was free of negligence in controlling his own body (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

We agree with defendant, however, that the court erred in denying that part of his motion with respect to the second cause of action, based upon his alleged negligent handling of dogs, and we therefore modify the order accordingly.  As plaintiff correctly concedes, "a cause of action for ordinary negligence does not lie against the owner of a dog that causes injury" (*Antinore v Ivison*, 133 AD3d 1329, 1329; *see Doerr v Goldsmith*, 25 NY3d 1114, 1116).

We also agree with defendant that the court erred in denying his motion with respect to the third cause of action alleging strict liability based upon the dogs' vicious propensities, and thus we further modify the order accordingly.  It is well established that "an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities – albeit only when such proclivity results in the injury giving rise to the lawsuit" (*Collier v Zambito*, 1 NY3d 444, 447; *see Ioveno v Schwartz*, 139 AD3d 1012, 1012, *lv denied* 28 NY3d 905; *Dickinson v Uschold*, 11 AD3d 1036, 1037).  In contrast, "normal canine behavior" such as "barking and running around" does not amount to vicious propensities (*Collier*, 1 NY3d at 447; *see Bloom v Van Lenten*, 106 AD3d 1319, 1321).  We conclude that defendant met his initial burden of establishing that he lacked knowledge of any vicious propensity on the part of either dog that gave rise to the injury and, in opposition, plaintiff failed to raise an issue of fact.  Although defendant testified that one dog used to jump on people when he was younger and had been hostile with his veterinarian, there is no evidence that defendant's dogs jumped on plaintiff, made contact with her body, or otherwise acted hostilely toward her.  To the contrary, plaintiff testified that the dogs ran toward her and caused a collision between plaintiff and defendant that knocked plaintiff to the ground.  In our view, such an act constitutes normal canine behavior, and thus plaintiff failed to present evidence of a known, vicious propensity that "result[ed] in the injury giving rise to the lawsuit" (*Collier*, 1 NY3d at 447; *see Bloom*, 106 AD3d at 1321).

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court