Russell v Hunt (2018 NY Slip Op 00750)





Russell v Hunt


2018 NY Slip Op 00750


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1444 CA 17-00503

[*1]KIMBERLY RUSSELL, PLAINTIFF-RESPONDENT,
v
HONRI . HUNT AND DORIEN GARRETT, DEFENDANTS-APPELLANTS. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (GREGORY P. KRULL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered November 28, 2016. The order granted the motion of plaintiff for partial summary judgment on liability based on her strict liability cause of action and denied the cross motion of defendants for summary judgment dismissing the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the cross motion is granted, and the amended complaint is dismissed.
Memorandum: Plaintiff and defendant Dorien Garrett resided in neighboring apartments in Buffalo, New York. On August 31, 2014, Garrett was dog-sitting Lily, a three-legged pit bull owned by defendant Honri V. Hunt, who was out of town. While Garrett and Lily were in the fenced-in backyard, plaintiff came into the yard with her dog, Chloe. The two dogs lunged at each other, and plaintiff and Garrett separated the dogs. According to plaintiff, Lily attempted to bite Chloe during the initial confrontation. After the dogs were separated, Garrett was unable to restrain Lily, and Lily again attacked Chloe. Lily bit plaintiff on the arm while the dogs were being separated for the second time. Plaintiff commenced this action seeking damages for injuries that she sustained from the dog bite, asserting causes of action for negligence and strict liability. We agree with defendants that Supreme Court erred in granting plaintiff's motion for partial summary judgment on liability based on her strict liability cause of action and in denying defendants' cross motion for summary judgment dismissing the amended complaint.
With respect to the issue of strict liability, we conclude that defendants established their entitlement to summary judgment dismissing that cause of action, and that plaintiff was not entitled to partial summary judgment on liability based on that cause of action (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), inasmuch as defendants established as a matter of law that they lacked actual or constructive knowledge that Lily had any vicious propensities (see Doerr v Goldsmith, 25 NY3d 1114, 1116 [2015]; Collier v Zambito, 1 NY3d 444, 446-447 [2004]). We agree with defendants that the confrontation between the dogs was only one event, rather than two separate incidents as found by the court. Given the fact that only minutes passed between the two confrontations, we conclude that defendants did not acquire actual or constructive notice of any vicious propensities based on the initial confrontation. We likewise conclude that the court erred in denying that part of defendants' cross motion for summary judgment dismissing the negligence cause of action. It is well settled that " [c]ases involving injuries inflicted by domestic animals may only proceed under strict liability based on the owner's knowledge of the animal's vicious propensities, not on theories of common-law negligence' " (Blake v County of Wyoming, 147 AD3d 1365, 1367 [4th Dept 2017]; see Doerr, 25 NY3d at 1116).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court