Long v Hess (2018 NY Slip Op 04475)





Long v Hess


2018 NY Slip Op 04475


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


703 CA 18-00124

[*1]CYNTHIA L. LONG, PLAINTIFF-RESPONDENT,
v
DANIEL HESS, DEFENDANT-APPELLANT. 






LAW OFFICE OF DESTIN C. SANTACROSE, BUFFALO (BARNEY F. BILELLO OF COUNSEL), FOR DEFENDANT-APPELLANT.
LYNN LAW FIRM, LLP, SYRACUSE (KELSEY W. SHANNON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered July 11, 2017. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, defendant's motion is granted and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she sustained when defendant's dog, Kane, allegedly ran into her while running alongside plaintiff's dog in a fenced-in area behind a school that is used as a dog park. Supreme Court denied defendant's motion for summary judgment dismissing the complaint. We reverse.
Preliminarily, as plaintiff correctly concedes, "a cause of action for ordinary negligence does not lie against the owner of a dog that causes injury" (Antinore v Ivison, 133 AD3d 1329, 1329 [4th Dept 2015]; see Doerr v Goldsmith, 25 NY3d 1114, 1116 [2015]). We thus agree with defendant that the court erred in denying that part of his motion with respect to the negligence cause of action.
We further agree with defendant that the court erred in denying that part of his motion with respect to the strict liability cause of action, based upon Kane's alleged vicious propensities. It is well established that "an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit" (Collier v Zambito, 1 NY3d 444, 447 [2004]). "A known tendency to attack others, even in playfulness, as in the case of the overly friendly large dog with a propensity for enthusiastic jumping up on visitors, will be enough to make the defendant[] liable for damages resulting from such an act" (Lewis v Lustan, 72 AD3d 1486, 1487 [4th Dept 2010] [internal quotation marks omitted]; see Pollard v United Parcel Serv., 302 AD2d 884, 884 [4th Dept 2003]). "In contrast, normal canine behavior' such as barking and running around' does not amount to vicious propensities" (Brady v Contangelo, 148 AD3d 1544, 1546 [4th Dept 2017], quoting Collier, 1 NY3d at 447; see Bloom v Van Lenten, 106 AD3d 1319, 1321 [3d Dept 2013]; see generally Bloomer v Shauger, 21 NY3d 917, 918 [2013]).
Here, defendant met his initial burden of establishing that he lacked knowledge of any vicious propensity on the part of Kane that resulted in the injury, and plaintiff, who relied solely upon defendant's submissions, failed to raise an issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The evidence establishes that, on the day of the incident, plaintiff sent a text message to a group of people that included defendant, as she had on previous occasions, to inform them that she would be at the dog park with her dog, who often played with [*2]Kane. Immediately prior to the incident, plaintiff threw a ball for her dog, plaintiff's dog retrieved the ball and, as he had frequently done in the past, Kane ran alongside plaintiff's dog back toward plaintiff. Both dogs were running fast in plaintiff's direction and, when it appeared that Kane was not going to veer off to the side, plaintiff turned away, whereupon Kane allegedly struck her leg. Despite evidence that Kane may have clumsily run around the dog park and similarly made contact with another visitor on a prior occasion, we conclude that, unlike situations in which a dog purposefully jumps onto or charges at a person (see e.g. Lewis, 72 AD3d at 1486-1487; Marquardt v Milewski, 288 AD2d 928, 928 [4th Dept 2001]), "[Kane's alleged] act of running into plaintiff in the course of . . . playfully [running alongside another dog at a dog park] merely consisted of normal canine behavior that does not amount to a vicious propensity" (Bloom, 106 AD3d at 1321; see Brady, 148 AD3d at 1546; Hamlin v Sullivan, 93 AD3d 1013, 1013-1015 [3d Dept 2012]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court