Jennifer M.C.-Y. v Boring (2019 NY Slip Op 05901)





Jennifer M.C.-Y. v Boring


2019 NY Slip Op 05901


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


516 CA 18-02329

[*1]JENNIFER M. C.-Y., SADAT Y. AND JENNIFER M. C.-Y., AS PARENT AND NATURAL GUARDIAN OF MAKARI C., AN INFANT, PLAINTIFFS-RESPONDENTS,
v
JENNA BORING, DEFENDANT-APPELLANT, ET AL., DEFENDANT. 






BOUVIER LAW LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANT-APPELLANT.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Orleans County (Tracey A. Bannister, J.), entered June 7, 2018. The order denied the motion of defendant Jenna Boring for summary judgment dismissing the complaint against her. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion of defendant Jenna Boring is granted, and the complaint against that defendant is dismissed.
Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained when a dog owned by Jenna Boring (defendant) bit plaintiff Jennifer M. C.-Y. and her infant daughter as they exited their vehicle. Supreme Court denied defendant's motion for summary judgment dismissing the complaint against her. We reverse.
As a preliminary matter, we reject defendant's contention that the court should have dismissed the complaint on the ground that plaintiffs failed to plead a cause of action for strict liability (see generally Bard v Jahnke, 6 NY3d 592, 596-597 [2006]; Brady v Contangelo, 148 AD3d 1544, 1545 [4th Dept 2017]). Our review of the complaint, as amplified by the bill of particulars, establishes that plaintiffs' allegations are "sufficient to state a potentially meritorious cause of action premised on strict liability" for the injuries caused by the dog (Scoyni v Chabowski, 72 AD3d 792, 793 [2d Dept 2010]; see Reil v Chittenden, 96 AD3d 1273, 1273-1274 [3d Dept 2012]).
We nevertheless conclude that defendant is entitled to summary judgment dismissing the complaint against her. Even assuming, arguendo, that the dog possessed the requisite vicious propensities, we conclude that defendant met her initial burden on the motion by submitting deposition testimony from herself, her son, and her then boyfriend, which established that defendant lacked actual or constructive knowledge that the dog had any vicious propensities, and plaintiffs failed to raise an issue of fact (see S.K. v Kobee, 158 AD3d 1219, 1220 [4th Dept 2018]; Brady, 148 AD3d at 1546; Hargro v Ross, 134 AD3d 1461, 1462 [4th Dept 2015]). In opposition to the motion, plaintiffs submitted the affidavit of one of defendant's neighbors, who averred that, on at least two prior occasions, she had seen the dog roaming the neighborhood, and that the dog entered into her backyard and started to bark at her in an aggressive and angry way, thereby putting her in fear that she would be bitten by the dog. The neighbor does not aver that she informed defendant of the two incidents, and thus the affidavit does not raise an issue of fact whether defendant had actual knowledge of the dog's vicious propensities. Furthermore, the neighbor's affidavit does not detail when the two prior incidents occurred, and thus the affidavit [*2]does not raise an issue of fact whether defendant had constructive knowledge of the dog's vicious propensities, i.e., that the vicious propensities had "existed for a sufficient period of time for a reasonable person to discover them" (Velazquez v Carns, 244 AD2d 620, 620 [3d Dept 1997]; see Shaw v Burgess, 303 AD2d 857, 858 [3d Dept 2003]; see generally PJI 2:220).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court