Zicari v Buckley (2023 NY Slip Op 00788)

Zicari v Buckley

2023 NY Slip Op 00788

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND OGDEN, JJ.

1038 CA 22-00210

[*1]CRAIG J. ZICARI AND ANNE C. COON, PLAINTIFFS-APPELLANTS,
v
GRAEME R. BUCKLEY, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 

MCCONVILLE, CONSIDINE, COOMAN & MORIN, P.C., ROCHESTER (KRISTEN DOMBROSKI OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
OSBORNE, REED & BURKE, LLP, ROCHESTER (MICHAEL C. PRETSCH OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (Gail Donofrio, J.), entered January 14, 2022. The order granted the motion of defendant Graeme R. Buckley for summary judgment dismissing the complaint against him. 
It is hereby ORDERED that the order so appealed from is modified on the law by denying in part the motion of defendant Graeme R. Buckley and reinstating the first and fifth causes of action against him and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Craig J. Zicari (plaintiff) when he was attacked by a dog owned by defendant Graeme R. Buckley (defendant) and, while retreating from the dog, he fell down the front steps of defendant's home. Defendant moved for summary judgment dismissing the complaint against him, contending, inter alia, that plaintiff's first cause of action, alleging strict liability for the dog attack, should be dismissed on the ground that defendant was not aware that the dog had vicious propensities and that plaintiff's second cause of action, alleging premises liability related to maintenance of the front steps, should be dismissed on the ground that plaintiff's allegations were based on speculation and unsupported as a matter of law. Supreme Court granted the motion. Plaintiffs appeal.
We conclude that defendant failed to meet his initial burden on that part of the motion seeking to dismiss the first cause of action because defendant failed to establish that he neither knew nor should have known that the dog had any vicious propensities (see Young v Grizanti, 164 AD3d 1661, 1662 [4th Dept 2018]; cf. Brady v Contangelo, 148 AD3d 1544, 1546 [4th Dept 2017]).
In support of the motion, defendant submitted plaintiff's deposition testimony that, while plaintiff was at defendant's door, the dog came running and was barking, pushed the door open, and lunged at plaintiff, biting him in the right thigh. After plaintiff was on the ground, having been knocked to the bottom of the front steps, the dog bit the back of plaintiff's left leg and then his calf. Plaintiff further testified that, immediately after the incident, defendant told plaintiff, who was wearing a winter coat at the time of the attack, that "the dog doesn't like people who wear coats." Plaintiff also testified that defendant told him that "the dog was protective." Defendant further submitted the deposition testimony of defendant Jennifer McMahon, who lived in the home and was familiar with the dog, that the dog was "protective" of the persons who lived in the home and that, when a stranger was present in the house, the dog would get in front of a member of the household to protect him or her. That evidence, combined with the evidence of the unprovoked and vicious nature of the attack and the severity of the injuries sustained by [*2]plaintiff, is "sufficient to raise triable issues of fact as to whether the dog[] had vicious propensities and whether. . . defendant[] knew or should have known of them" (Francis v Becker, 50 AD3d 1507, 1508 [4th Dept 2008] [internal quotation marks omitted]). We note that "an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities" (Collier v Zambito, 1 NY3d 444, 447 [2004]).
We thus conclude that defendant failed to meet his initial burden on that part of the motion, and we further conclude that, in any event, plaintiff raised an issue of fact whether defendant knew or should have known of the dog's alleged vicious propensities (see McLane v Jones, 21 AD3d 1376, 1377 [4th Dept 2005]). Plaintiff submitted the dog's veterinary records, which indicated that the dog had prior, known "territor[i]al issues," that the dog was "barking a lot at people he [did] not like," and that it was recommended to defendant that he engage in daily "socialization exercises" with the dog.
Contrary to plaintiff's further contention, however, we conclude that defendant met his initial burden on that part of the motion seeking to dismiss the second cause of action by demonstrating that plaintiff could not identify the alleged negligent maintenance of the steps as a cause of his fall without engaging in speculation (see generally Conners v LMAC Mgt. LLC, 189 AD3d 2071, 2072 [4th Dept 2020]). In support of his motion, defendant submitted plaintiff's deposition testimony in which he testified that the dog's lunging at him "caused [him] to fall" by "forcing [him] back" and making him turn to avoid the dog. Plaintiff testified that he was "not sure" whether he stepped on the front steps when he turned, but that there was an accumulation of snow or ice on the steps, and that he "could have just stepped on [the steps] and slipped or something like that." Plaintiff's deposition testimony was thus inconclusive and speculative as to whether the condition of the steps was a cause of his fall (see generally id. at 2073).
We further conclude that plaintiff's submissions in opposition to the motion failed to raise a triable issue of fact on the second cause of action. Plaintiff's affidavit submitted in opposition to the motion "merely raised a feigned issue of fact designed to avoid the consequences of [his] earlier deposition testimony" (Mallen v Dekalb Corp., 181 AD3d 669, 670 [2d Dept 2020]). Thus, we conclude that the court properly granted that part of defendant's motion dismissing the second cause of action.
We therefore modify the order by denying in part defendant's motion and reinstating the first and fifth causes of action, for strict liability and loss of consortium, against him.
All concur except Peradotto and Montour, JJ., who dissent in part and vote to affirm in accordance with the following memorandum: Craig J. Zicari (plaintiff), who was canvassing for signatures on a political petition in cold weather while wearing a winter coat, approached the house of Graeme R. Buckley (defendant), stepped up onto the front porch, and rang the doorbell, following which defendant answered the door and plaintiff asked to see defendant's tenant to obtain her signature. When the tenant opened the door and plaintiff reached in to hand her something, defendant's dog came running around the tenant from inside the house, barking, and attacked plaintiff, who sustained a bite to his right leg, fell backward down the stairs of the porch, and then sustained two additional bites to his left leg. Plaintiffs commenced this action alleging, as relevant here, that defendant was strictly liable for plaintiff's injuries. Supreme Court granted defendant's motion for summary judgment dismissing the complaint against him, and the majority now modifies the order by denying the motion in part and reinstating the strict liability cause of action and, consequently, a derivative cause of action. We respectfully dissent in part, because, contrary to the majority's determination, defendant established as a matter of law that he lacked actual or constructive knowledge of any vicious propensities on the part of the dog and plaintiffs failed to raise a triable issue of fact. We would therefore affirm the order in its entirety.
It is well established that "the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (Collier v Zambito, 1 NY3d 444, 446 [2004]). Such knowledge "may . . . be established by proof of prior acts of a similar kind of which the owner had notice" (id.). "Vicious propensities include the 'propensity to do any act that might endanger the safety of the persons and property of others in a given
situation' " (id., quoting Dickson v McCoy, 39 NY 400, 403 [1868]). Thus, even "an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit" (id. at 447; see Long v Hess, 162 AD3d 1646, 1646-1647 [4th Dept 2018]). " 'Evidence tending to demonstrate a dog's vicious propensities includes evidence of a prior attack, the dog's tendency to growl or snap or bare its teeth, the manner in which the dog was restrained, the fact that the dog was kept as a guard dog, and a proclivity to act in a way that puts others at risk of harm' " (Christopher P. v Kathleen M.B., 174 AD3d 1460, 1460 [4th Dept 2019]; see Bard v Jahnke, 6 NY3d 592, 597 [2006]; Collier, 1 NY3d at 447). "In contrast, 'normal canine behavior' such as 'barking and running around' does not amount to vicious propensities" (Brady v Contangelo, 148 AD3d 1544, 1546 [4th Dept 2017], quoting Collier, 1 NY3d at 447; see Long, 162 AD3d at 1647; Bloom v Van Lenten, 106 AD3d 1319, 1321 [3d Dept 2013]).
Here, defendant's submissions in support of the motion, including the deposition testimony of defendant and the tenant, establish that the dog was a gentle, well-behaved family dog, who was not aggressive, menacing, or intimidating, was not a guard dog, and had never growled at, nipped, or bitten anyone before (see Collier, 1 NY3d at 447; cf. Francis v Becker, 50 AD3d 1507, 1507 [4th Dept 2008]). Neither defendant nor the tenant had ever observed the dog exhibit any aggressive behavior in the past. In sum, defendant established that the dog had not previously behaved in a threatening or menacing manner (see Collier, 1 NY3d at 447).
The majority nonetheless cites evidence in defendant's submissions that defendant and the tenant characterized the dog as protective and having a dislike of people wearing coats, but conspicuously absent from the majority's analysis is any explanation of how these characteristics reflect a " 'propensity to do any act that might endanger the safety of the persons and property of others in a given situation' " (id. at 446; cf. Kidder v Moore, 77 AD3d 1303, 1303-1304 [4th Dept 2010]; Grillo v Williams, 71 AD3d 1480, 1481 [4th Dept 2010]). The tenant explained that the dog was protective to the extent that, in the presence of a stranger inside the house, he would occasionally position himself between people known to him and the stranger. Such behavior, however, was not accompanied by any aggressiveness or growling, and thus the dog's placid mannerism of placing himself between familiar people and strangers is consistent with nothing more than "normal canine behavior" (Collier, 1 NY3d at 447; see Spinosa v Beck, 77 AD3d 1426, 1427 [4th Dept 2010]; cf. Kidder, 77 AD3d at 1303-1304; Grillo, 71 AD3d at 1481). Similarly, the dog's reported dislike of people wearing coats did not "reflect[] a proclivity to act in a way that puts others at risk of harm" inasmuch as defendant did not say whether the dog had previously growled at people in coats, the tenant never observed the dog exhibit any behavior toward someone wearing a coat, and the dog had never growled at or acted aggressively toward anyone (see Collier, 1 NY3d at 447). Absent any indicia that the dog had vicious propensities, the majority cannot properly rely solely on the evidence of the unprovoked and vicious nature of the attack and the severity of plaintiff's injuries as raising triable issues of fact whether the dog had vicious propensities and whether defendant knew or should have known of them (cf. Francis, 50 AD3d at 1507-1508).
Plaintiffs opposed the motion by relying on—along with other evidence that is facially insufficient to raise an issue of fact—a notation in veterinary records recommending daily socialization exercises for the dog when he was nearly 11 months old and a separate notation indicating that, when he was just over one year old, some 3½ years before the subject incident, the dog had exhibited territorial issues by barking at people he did not like. There was no suggestion, however, that such barking was aggressive or threatening or accompanied by any growling or other indicia of vicious propensities, or that the veterinary recommendation to socialize the dog when he was a puppy was the result of any such behavior, and thus the case law relied upon by plaintiffs and the majority is distinguishable (cf. Grillo, 71 AD3d at 1481; McLane v Jones, 21 AD3d 1376, 1377 [4th Dept 2005]). As the Court of Appeals has stated, "nothing in our case law suggests that the mere fact that . . . a dog previously barked at people is sufficient to raise a triable issue of fact as to whether it had vicious propensities" (Collier, 1 NY3d at 447). We thus conclude that plaintiffs failed to raise a triable issue of fact in response to defendant's prima facie showing.
Consequently, contrary to the majority's determination, the court properly concluded that there is no triable issue of fact whether defendant had actual or constructive knowledge of any [*3]vicious propensities on the part of the dog and properly granted defendant's motion.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court