◼ JOSEPH PALLESCHI, an Infant, by HOLLI PALLESCHI, His Parent, Appellant, v JANET GRANGER et al., Respondents. [786 NYS2d 627]—

Crew III, J.P. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered December 18, 2003 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking to recover for injuries he sustained when he was bitten by defendants' dog, Jake, a male Akita. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion, finding that plaintiff failed to offer sufficient proof to raise a question of fact as to whether Jake possessed vicious propensities and defendants' knowledge thereof. This appeal by plaintiff ensued.

We affirm. The case law makes clear that a plaintiff may not recover for injuries sustained in an attack by a dog unless he or she establishes that the dog had vicious propensities and that its owner knew or should have known of such propensities (*see Shaw v Burgess*, 303 AD2d 857, 858 [2003]; *Fontanas v Wilson*, 300 AD2d 808, 809 [2002]; *McKee v J&J Otsego Props.*, 277 AD2d 787, 788 [2000], *lv denied* 96 NY2d 705 [2001]).

Here, defendants discharged their initial burden on the motion for summary judgment by testifying at their respective examinations before trial that prior to the incident with plaintiff, Jake had not bitten anyone, nor had he displayed any signs of aggressive behavior (*see Hagadorn-Garmely v Jones*, 295 AD2d 801 [2002]). In opposition to defendants' motion, plaintiff attempted to raise a question of fact as to Jake's alleged vicious propensities by submitting an affidavit from a veterinarian citing the purportedly aggressive nature of Akitas in general. Plaintiff also relied upon the fact that prior to the underlying incident, Jake was tethered in a dog run whenever defendants were not at home, as well as the presence of "Beware of Dog" signs at defendants' residence. Simply stated, plaintiff's reliance upon such proof is misplaced.

As a starting point, breed alone is insufficient to raise a question of fact as to vicious propensities (*see Mulhern v Chai Mgt.*, 309 AD2d 995, 996 [2003], *lv denied* 1 NY3d 508 [2004]; *Roupp v Conrad*, 287 AD2d 937, 938 [2001]), as is a veterinarian's affidavit attesting to the alleged aggressiveness of the Akita breed (*see Wilson v Whiteman*, 237 AD2d 814, 815 [1997]). Nor is the fact that Jake was tethered in a dog run dispositive, as "nothing in our case law suggests that the mere fact that a dog was kept enclosed or chained . . . is sufficient to raise a triable issue of fact as to whether it had vicious propensities" (*Collier v Zambito*, 1 NY3d 444, 447 [2004]). Finally, neither Jake's size (approximately 115 pounds at the time of the attack) (*see Fontanas v Wilson, supra* at 809) nor the presence of "Beware of Dog" signs on defendants' property, which defendants did not put up until after plaintiff was injured (*see Shaw v Burgess, supra* at 859; *Shannon v Schultz*, 259 AD2d 937, 938 [1999], *lv*

*denied* 93 NY2d 816 [1999]), are sufficient to raise a question of fact in this regard. Accordingly, defendants' motion for summary judgment was properly granted.

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.