■ LINDA MALPEZZI, Individually and as Parent and Guardian of CASEY L. MALPEZZI, an Infant, Respondent, v DENNIS RYAN, Appellant. [815 NYS2d 295]—

Crew III, J.P. Appeal from an order of the Supreme Court (Hoye, J.), entered June 6, 2005 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

In July 2001, defendant awoke to the sound of a dog crying and discovered "Oreo" caught beneath the picnic table of his neighbor, Gerardo Masi. Defendant and Masi freed the dog and, when Oreo continued to linger on and around defendant's property, defendant contacted the local animal control officer, Rodney Hubert. According to defendant, Hubert opined that the dog, a pit bull, probably had been "dumped" because he "wasn't a fighter" and indicated that if he took the dog in, Oreo either would be claimed by someone who would try to train him to fight or he would be euthanized. As a result, defendant decided to keep Oreo and attempt to find him a home and, following Hubert's advice, contacted the local health department to

ascertain whether Oreo had "a record," placed an ad in the local paper and took Oreo to a veterinarian to have him examined and vaccinated. Having received a clean bill of health from both the veterinarian and the health department, defendant took Oreo home, purchased a leash, collar and harness and set up a place for Oreo in the shed in his back yard. Over the course of the next two months, Oreo interacted with defendant, his girlfriend and their children without incident. Notably, defendant testified at his examination before trial that at no point during this time period did Oreo bark, growl or bare his teeth at, jump on or display any aggression toward any person or animal.

On the evening of September 14, 2001, defendant and his family, as was their custom, took Oreo for a walk along a local bike path where they ultimately encountered Casey Malpezzi, then six years old, and his brother, Michael. Although there is some dispute as to what then transpired, there is no question that Oreo bit Malpezzi on the arm and, as a result, plaintiff thereafter commenced this action against defendant seeking to recover for the injuries Malpezzi sustained. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied that motion, finding a question of fact as to whether defendant was aware of Oreo's allegedly vicious propensities. This appeal by defendant ensued.

We reverse and grant defendant's motion for summary judgment dismissing the complaint. As this Court consistently has held, "a plaintiff may not recover for injuries sustained in an attack by a dog unless he or she establishes that the dog had vicious propensities and that its owner knew or should have known of such propensities" (*Palleschi v Granger*, 13 AD3d 871, 872 [2004]; *see Brooks v Parshall*, 25 AD3d 853, 853-854 [2006]; *Morse v Colombo*, 8 AD3d 808 [2004]). Here, defendant and his girlfriend testified, without contradiction, that they did not experience any problems with the dog prior to the incident with Malpezzi. Specifically, each testified that Oreo did not display any act of aggression prior to biting Malpezzi; Oreo did not bark, growl, bare his teeth or snap at, jump on or chase any person or animal, nor did they receive any complaints from anyone in the neighborhood. Such proof, in our view, is more than adequate to discharge defendant's initial burden on the motion for summary judgment, thereby compelling plaintiff to come forward with sufficient admissible proof to raise a question of fact in this regard. This plaintiff failed to do.

In opposition, plaintiff primarily relies upon the purportedly

vicious nature of the attack, the fact that Oreo allegedly was restrained while on defendant's property and Oreo's specific breed. As a starting point, even assuming that Oreo bit Malpezzi on the arm without provocation and in the manner alleged by plaintiff, that alone is not sufficient to raise a question of fact as to vicious propensities. Additionally, again assuming that Oreo was chained while on defendant's property—an allegation that defendant disputes—"nothing in our case law suggests that the mere fact that a dog was kept enclosed or chained . . . is sufficient to raise a triable issue of fact as to whether it had vicious propensities" (*Collier v Zambito*, 1 NY3d 444, 447 [2004]; *see Palleschi v Granger, supra* at 872; *Hagadorn-Garmely v Jones*, 295 AD2d 801 [2002]). Finally, this Court repeatedly has held that "breed alone is insufficient to raise a question of fact as to vicious propensities" (*Palleschi v Granger, supra* at 872; *see Loper v Dennie*, 24 AD3d 1131, 1133 [2005]; *Bard v Jahnke*, 16 AD3d 896, 897 [2005], *lv granted* 5 NY3d 708 [2005]; *Mulhern v Chai Mgt.*, 309 AD2d 995, 997 [2003], *lv denied* 1 NY3d 508 [2004]), and we once again state that "there is no persuasive authority for the proposition that a court should take judicial notice of the ferocity of any particular type or breed of domestic animal" (*Roupp v Conrad*, 287 AD2d 937, 938 [2001]). Simply put, where, as here, there is no other evidence even suggesting that defendant knew or should have known of Oreo's allegedly vicious propensities, consideration of the dog's breed is irrelevant. As such, Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.