■ LAWRENCE CAMPO, Appellant, v JOHN HOLLAND, Respondent. [820 NYS2d 352]—

Rose, J. Appeal from an order of the Supreme Court (Bradley, J.), entered July 29, 2005 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

While at defendant's home as part of a work crew installing a water line, plaintiff was attacked and bitten on his right forearm by defendant's dog, Misty, a black Labrador Retriever. The two resulting puncture wounds allegedly aggravated a preexisting nerve injury and led plaintiff to commence this action. Following discovery, Supreme Court granted defendant's motion for summary judgment, finding that there were no triable issues of fact regarding whether defendant knew or should have known that Misty had vicious propensities. This appeal by plaintiff ensued.

We affirm. Defendant met his initial burden on the motion for summary judgment by establishing lack of knowledge of any such vicious propensities (*see Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Loper v Dennie*, 24 AD3d 1131, 1132-1133 [2005]; *see e.g. Brooks v Parshall*, 25 AD3d 853, 853-854 [2006]; *Palleschi v Granger*, 13 AD3d 871, 872 [2004]). Defendant, who had known Misty since her birth and owned her for about four years, testified that neither he nor her prior owners had ever known the dog to bite, attack or exhibit any other aggressive tendencies. Defendant's wife confirmed that Misty was a gentle animal. In opposition, plaintiff attempted to raise a question of fact by pointing to evidence that Misty had jumped up on visitors, barked at strangers, and chased birds and squirrels in defendant's yard. However, in light of defendant's explanation that Misty jumped on visitors only due to her excitement and then settled down, evidence of such behavior does not establish knowledge of vicious propensity here. Such rambunctious behavior would show awareness of a vicious propensity only if it were the very behavior that resulted in plaintiff's injury (*see Collier v Zambito, supra* at 447; *Goldberg v LoRusso*, 288 AD2d 257, 259 [2001]). The additional evidence that Misty barked and chased small animals in defendant's yard is also insufficient because here it demonstrates nothing more than "normal canine behavior" (*Collier v Zambito, supra* at 447; *see Fontanas v Wilson*, 300 AD2d 808, 809 [2002]).

Plaintiff further cites evidence that defendant would sometimes inquire of visitors whether they were afraid of dogs, and had asked plaintiff and his coworkers to wait before entering his yard so that he could confine Misty and a second dog inside his house. However, there is no dispute that defendant's inquiry was out of courtesy to visitors and his dogs were confined solely to assure that they would not escape from the enclosed yard as workers were coming and going through a gate. Under these circumstances, the mere fact that defendant had sought to restrain Misty was insufficient to raise a triable issue of fact as to her vicious propensities (*see Collier v Zambito, supra* at 447; *Malpezzi v Ryan*, 28 AD3d 1036, 1038 [2006]; *Palleschi v Granger, supra* at 872). We have considered plaintiff's remaining contentions, including his citation to discrepancies between defendant's deposition and earlier sworn statement, and find them to be without merit.

Accordingly, Supreme Court did not err in granting defendant's motion for summary judgment dismissing the complaint.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.