■ STEPHEN SCHEIDT, Appellant, v GARY OBERG et al., Respondents. [883 NYS2d 661]—

Cardona, P.J. Appeal from an order of the Supreme Court (Williams, J.), entered May 29, 2008 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action alleging that defendants' dog, Ziggy, bit him, causing injury to his hand. Supreme Court granted defendants' motion for summary judgment dismissing the complaint, and plaintiff now appeals.

We affirm. "[A] plaintiff may not recover for injuries sustained in an attack by a dog unless he or she establishes that the dog had vicious propensities and that its owner knew or should have known of such propensities" (*Palleschi v Granger*, 13 AD3d 871, 872 [2004]; *see Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Malpezzi v Ryan*, 28 AD3d 1036, 1037 [2006]). Defendants satisfied their initial burden on summary judgment by submitting their respective examinations before trial, which established that they had owned Ziggy since he was a puppy and that, although Ziggy usually barked at people who came onto their property, they had never known him to exhibit aggressive behavior (*see Rose v Heaton*, 39 AD3d 937, 938 [2007]; *Campo v Holland*, 32 AD3d 630, 631 [2006]), nor had anyone ever complained to them about his behavior (*see Malpezzi v Ryan*, 28 AD3d at 1037; *Brooks v Parshall*, 25 AD3d 853, 854 [2006]). In response, plaintiff submitted his own deposition testimony which described the incident at issue, stating that when he arrived at defendants' home with another worker for the purpose of repairing the porch, Ziggy was friendly to the other man, who had worked at the house previously, but barked and growled at plaintiff, who had never been to the property before that day. Plaintiff asked defendant Lauren Vanko to put Ziggy in the house, but she assured him that Ziggy would not bite. Shortly thereafter, Ziggy lunged toward him. According to plaintiff, when he put out a hand to hold Ziggy off, Ziggy bit him.

Notably absent from plaintiff's testimony, however, is any reference to known instances of prior aggressive behavior by Ziggy or any proof that defendants had prior knowledge of Ziggy's alleged vicious propensities. Nor is such proof supplied by the deposition testimony of Mark Demarest, a Federal Express employee who stated that he had delivered packages to defendants' home in the past. Although Demarest testified that, on several occasions, Ziggy had acted in a manner he considered to be aggressive, he admitted that he did not complain to anyone, including defendants, about Ziggy's behavior (*see Collier v Zambito*, 1 NY3d at 447; *Brooks v Parshall*, 25 AD3d at 854). Accordingly, Supreme Court properly granted summary judgment in defendants' favor.

Mercure, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.