■ Ann Illian et al., Appellants, v Gail Butler et al., Respondents. [888 NYS2d 247]—

Garry, J. Appeal from an order of the Supreme Court (Cahill, J.), entered July 11, 2008 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.

In June 2005, while plaintiffs were temporarily residing at a campground in Accord, Ulster County, plaintiff Ann Illian (hereinafter plaintiff) was bitten by Sadie, a mixed-breed dog belonging to defendants, who also resided at the campground. Defendants and plaintiffs had known one another for years, and plaintiff was also well acquainted with the dog. Plaintiff testified that she had patted Sadie, played with her, and kissed her on numerous prior occasions without incident, and had once even taken her to the veterinarian. On the day of plaintiff's injury, she attended a party at defendants' campground residence to celebrate defendant Jeffrey Sloat's birthday. During the party, Sadie was tied by a chain on defendants' front porch, where plaintiff patted her once or twice in the course of the eve-

ning. Shortly before she was bitten, plaintiff left defendants' residence briefly. Upon her return, she reached out to pat Sadie as she climbed the porch steps. The dog lunged and bit plaintiff in the face.

Plaintiff and her husband, derivatively, commenced this action in May 2007. Defendants moved for summary judgment dismissing the complaint, contending that they neither knew nor should have known of the dog's vicious propensities. Supreme Court granted defendants' motion. Plaintiffs now appeal.

" '[A] plaintiff may not recover for injuries sustained in an attack by a dog unless he or she establishes that the dog had vicious propensities and that its owner knew or should have known of such propensities' " (*Malpezzi v Ryan*, 28 AD3d 1036, 1037 [2006], quoting *Palleschi v Granger*, 13 AD3d 871, 872 [2004]; *see Collier v Zambito*, 1 NY3d 444, 446 [2004]). The owner's knowledge may be established by proving that the owner had notice of either a prior bite or other conduct that would give rise to an inference of vicious propensities (*see Collier v Zambito*, 1 NY3d at 446-447). "[E]vidence that the dog 'had been known to growl, snap or bare its teeth' might be enough to raise a question of fact, depending on the circumstances" (*Brooks v Parshall*, 25 AD3d 853, 853-854 [2006], quoting *Collier v Zambito*, 1 NY3d at 447). Once knowledge of a dog's vicious propensities has been established, the owner faces strict liability (*see Bard v Jahnke*, 6 NY3d 592, 596-597 [2006]; *Collier v Zambito*, 1 NY3d at 448).

Defendants supported their motion for summary judgment with their own testimony that Sadie, whom they had owned since she was five weeks old, had never previously bitten anyone and that they had never seen her behave aggressively nor received complaints from anyone about her behavior. In addition, they submitted plaintiffs' testimony that, in numerous previous interactions with Sadie, they had not known her to bite or threaten anyone and had never expressed concern about her to defendants (*see* CPLR 3212 [b]; *Rose v Heaton*, 39 AD3d 937, 938 [2007]; *Campo v Holland*, 32 AD3d 630, 631 [2006]; *Brooks v Parshall*, 25 AD3d at 854). This evidence was sufficient to shift the burden to plaintiffs to establish the existence of triable issues of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Plaintiffs' evidence was insufficient to meet their burden (*see id.*), particularly in light of their own long-standing familiarity with the dog. Plaintiffs submitted the testimony of defendants' former neighbor that Sadie barked, jumped, and ran onto the

neighbor's campsite when she and her husband drove in. The campground activities director testified that on one occasion the dog frightened her by leaping off the porch, barking, and running toward her as she walked past. Neither witness had made any complaint to defendants regarding the dog's behavior. Further, these observations merely reveal "typical territorial behavior," insufficient to establish vicious propensities (*Blackstone v Hayward*, 304 AD2d 941, 941 [2003], *lv denied* 100 NY2d 511 [2003]; *see Campo v Holland*, 32 AD3d at 631; *Fontanas v Wilson*, 300 AD2d 808, 808-809 [2002]). Plaintiffs also submitted the testimony of plaintiff's sister and the affidavit of the sister's husband that, about a month before plaintiff was bitten, Sadie growled at the husband. A single incident of growling does not, however, establish that a dog has vicious propensities (*see Rose v Heaton*, 39 AD3d at 938; *Brooks v Parshall*, 25 AD3d at 854). Further, the husband could not confirm that either of the defendants was present during this incident, and neither he nor the sister alleged that they told defendants about it. Finally, as the campground required all dogs to be leashed, the fact that defendants kept Sadie tethered does not indicate any knowledge of the alleged vicious propensities (*see Collier v Zambito*, 1 NY3d at 447). While witness testimony contradicting an owner's claims relative to a dog's conduct may be sufficient to establish issues of fact as to credibility or the owner's constructive knowledge, the proof presented here does not rise to that level (*see Loper v Dennie*, 24 AD3d 1131, 1133 [2005]; *Czarnecki v Welch*, 13 AD3d 952, 953 [2004]). Defendants were therefore entitled to summary judgment dismissing the complaint.

Rose, J.P., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.