■ Heidi J. Miletich et al., Appellants v Christopher Kopp et al., Respondents. [895 NYS2d 557]—

Malone Jr., J. Appeal from an order of the Supreme Court (Demarest, J.), entered February 27, 2009 in Franklin County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Heidi J. Miletich (hereinafter plaintiff) and her husband, derivatively, commenced this action alleging that defendants' dog bit plaintiff. As plaintiff, a stranger to the dog, approached defendants' front door, the dog, which was tied nearby, bit her twice on her left leg and she either fell or was knocked to the ground, injuring her right wrist. Plaintiffs now appeal Supreme Court's dismissal of the complaint upon cross motions for summary judgment. We affirm.

" '[A] plaintiff may not recover for injuries sustained in an attack by a dog unless he or she establishes that the dog had vicious propensities and that its owner knew or should have known of such propensities' " (*Scheidt v Oberg*, 65 AD3d 740, 740 [2009], quoting *Palleschi v Granger*, 13 AD3d 871, 872 [2004]; *see Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Malpezzi v Ryan*, 28 AD3d 1036, 1037 [2006]). A dog's vicious propensities may be evidenced by prior vicious behavior such as biting, growling, snapping or baring its teeth, and an inference that the owner is aware of such a propensity may be raised where, for example, the dog is maintained as a guard dog or is restrained by the owner out of a concern that the dog will put others at risk of harm (*see Collier v Zambito*, 1 NY3d at 447; *Illian v Butler*, 66 AD3d 1312, 1313 [2009]; *Morse v Colombo*, 8 AD3d 808, 809 [2004]). The breed of a dog, alone, does not create a triable issue of fact as to the dog's propensities, but may be considered together with other factors (*see Loper v Dennie*, 24 AD3d 1131, 1133 [2005]).

Defendants satisfied their initial burden on summary judgment by submitting the transcripts of several examinations before trial establishing that defendants acquired the dog, a purebred Chow Chow, as a family pet when he was eight weeks old and owned him for approximately four years prior to the incident without knowledge of any vicious propensities (*see Scheidt v Oberg*, 65 AD3d at 740; *Blackstone v Hayward*, 304 AD2d 941, 941 [2003], *lv denied* 100 NY2d 511 [2003]). The burden then shifted to plaintiffs to demonstrate a triable issue

of material fact, which plaintiffs failed to do (*see Malpezzi v Ryan*, 28 AD3d at 1037). Evidence that defendants routinely restrained the dog to keep him from running away does not support an inference that defendants were aware that the dog might pose a danger (*see Palleschi v Granger*, 13 AD3d at 872; *Campo v Holland*, 32 AD3d 630, 632 [2006]). Nor does evidence that the dog was "nippy" or "territorial" when he was just several weeks old raise a triable issue as to defendants' liability (*see Tessiero v Conrad*, 186 AD2d 330 [1992]; *compare Earl v Piowaty* 42 AD3d 865, 866 [2007]). Defendant Christopher Kopp's testimony that he has seen the Chow Chow breed identified as potentially aggressive and was aware of incidences of aggressiveness involving that breed does not, by itself, create an issue of fact regarding defendants' knowledge of any vicious propensities in their dog (*see Malpezzi v Ryan*, 28 AD3d at 1038). Finally, the manner in which plaintiff was bitten does not support an inference that the dog was aggressive, where plaintiff never saw the dog until immediately before she was bitten and Kopp testified that the dog had been sleeping and was startled by plaintiff's presence (*see id.*; *Arcara v Whytas*, 219 AD2d 871, 872 [1995]). Accordingly, the complaint was properly dismissed.

Peters, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.