■ CORA-ANN GANNON, an Infant, by Her Father and Guardian, HERBERT GANNON, JR., et al., Appellants, v JOSEPH CONTI et al., Respondents. [926 NYS2d 739]—

Spain, J.

---

In October 2008, a dog owned by defendants allegedly left their yard in the Town of Marlborough, Ulster County by passing through an underground "invisible" electrical fence system, and bit plaintiff Cora-Ann Gannon (hereinafter the child), who was sitting on her bike on the adjacent property. Plaintiffs thereafter commenced this action, seeking damages for the child's injury based upon common-law negligence and strict liability. After issue was joined, defendants moved for summary judgment dismissing the complaint, asserting that they had no prior knowledge of their dog's alleged vicious propensities, and Supreme Court granted the motion. Plaintiffs appeal.

It is well settled " 'that the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held [strictly] liable for the harm the animal causes as a result of those propensities' " (*Bard v Jahnke*, 6 NY3d 592, 596 [2006], quoting *Collier v Zambito*, 1 NY3d 444, 446 [2004]; *see Rose v Heaton*, 39 AD3d 937, 939 [2007]). To be entitled to summary judgment, an animal-owner defendant bears an initial burden to demonstrate that, prior to the incident giving rise to the lawsuit, he or she was without knowledge that the animal possessed any vicious or dangerous propensities (*see Miletich v Kopp*, 70 AD3d 1095, 1095 [2010]; *Illian v Butler*, 66 AD3d 1312, 1313 [2009]). "Even in the absence of a prior bite, a triable issue of fact regarding knowledge of vicious propensities may be raised by other evidence of the dog's aggressive behaviors" (*Morse v Colombo*, 8 AD3d 808, 809 [2004] [citations omitted]).

Here, defendants' own depositions, submitted in support of their motion for summary judgment, raise an issue of fact as to their notice of their dog's allegedly dangerous propensities, precluding summary judgment. Defendants admitted that, on numerous occasions prior to the child's injury, defendant Joseph Conti would put a protective "bite sleeve" on his arm—obtained through his employment as a police officer and regularly used in the formal training of K-9 dogs to teach the animals to bite and hold a perpetrator's arm—and encourage his dog to leap up, bite the sleeve and hold on until commanded to release. We find this evidence of encouraging the dog to jump up and bite the sleeved arm of a human being sufficient to create an issue of the fact for the jury as to whether defendants had notice of the dog's alleged propensity to bite (*see Morse v Colombo*, 8 AD3d at 809; *Calabro v Bennett*, 291 AD2d 616, 616 [2002]; *cf. Illian v Butler*, 66 AD3d at 1313; *Velazquez v Carns*, 244 AD2d 620, 620-621 [1997]).

Defendants assert that their dog was not trained to attack and that the use of the bite sleeve was mere "play" in the form of "tug-o-war." However, even if the activity is interpreted as purely playful from the dog's perspective, " 'an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit' " (*Bard v Jahnke*, 6 NY3d at 597, quoting *Collier v Zambito*, 1 NY3d at 447; *Earl v Piowaty*, 42 AD3d 865, 866 [2007]; *Marquardt v Milewski*, 288 AD2d 928 [2001]). We hold, on the evidence as it exists at this early stage of the action, that a jury could reasonably conclude that the dog's behavior with regard to the bite sleeve was sufficient to put defendants on notice that he might bite someone, as it is alleged he did to the child. Accordingly, summary judgment on the issue of strict liability was unwarranted.

However, because a plaintiff in a case arising out of an attack by a domestic animal may only recover under a theory of strict liability (*see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d 787, 788 [2008]; *Collier v Zambito*, 1 NY3d at 446), plaintiffs' claims sounding in common-law negligence were properly dismissed.

Mercure, J.P., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the strict liability causes of action; motion denied to said extent; and, as so modified, affirmed.