■ V. Ramona Thurber, Appellant, v Elizabeth Apmann, Respondent. [936 NYS2d 789]—

Malone Jr., J.

An " 'owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held [strictly] liable for the harm the animal causes as a result of those propensities' " (*Bard v Jahnke*, 6 NY3d 592, 596 [2006], quoting *Collier v Zambito*, 1 NY3d 444, 446 [2004]; *accord Gannon v Conti*, 86 AD3d 704, 705 [2011]). Here, as the proponent of summary judgment, defendant bore the initial burden of establishing that, prior to the instant incident, she did not know or have reason to know that her dogs possessed any vicious or dangerous propensities (*see Gannon v Conti*, 86 AD3d at 705; *Rose v Heaton*, 39 AD3d 937, 938 [2007]). Defendant satisfied that burden by submitting evidence that she received each of

her dogs through the State Police K9 training program when the dogs were less than one year old and that they had lived only with her since she received them. The dogs also accompanied her to work, although the one that allegedly bit plaintiff and her dog was retired approximately six years ago. Defendant testified that, as specialized explosives detection dogs, the dogs were trained to act passively, rather than aggressively, and were socialized so that they could work in heavily populated areas and still maintain their focus on locating explosives. While they did also receive "handler protection" training, which defendant described as training to teach the dogs to react to an aggressive attack on her while she was on duty, a situation had never arisen in which that training was utilized, nor had the dogs participated in the apprehension of any suspects. According to defendant, until the instant incident, the dogs had never bit, barked at, or otherwise displayed aggression toward another person or animal. This evidence was sufficient to establish that defendant had no actual or constructive notice of the dogs' alleged vicious propensities.

In opposition, plaintiff averred that evidence of the severity of the attack, together with the dogs' breed, formal police training and use as guard dogs, should have put defendant on notice of the dogs' vicious propensities. However, there is no support in the record for a finding that defendant kept the dogs as guard dogs, and we are not convinced that the formal training that the dogs received as members of the State Police K9 unit equates with the dogs being kept as guard dogs. Nor do we find that the formal police training of the dogs constitutes either evidence of viciousness or provided defendant with notice of such (*but cf. Gannon v Conti*, 86 AD3d at 705-706). Moreover, not only is evidence of a dog's breed insufficient to demonstrate that an issue of fact exists, "where, as here, there is no other evidence even suggesting that defendant knew or should have known of [the dogs'] allegedly vicious propensities, consideration of the dog[s'] breed is irrelevant" (*Malpezzi v Ryan*, 28 AD3d 1036, 1038 [2006]; *see Roupp v Conrad*, 287 AD2d 937, 938 [2001]). Finally, even viewing the evidence in the light most favorable to plaintiff, the circumstances of the attack here do not raise an issue of fact as to the dogs' vicious propensities (*see Malpezzi v Ryan*, 28 AD3d at 1037-1038; *Loper v Dennie*, 24 AD3d 1131, 1133 [2005]). Inasmuch as plaintiff did not demonstrate that an issue of material fact existed, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

Spain, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.