◼ Stephanie Olsen, Individually and as Parent of Airiana Roney, an Infant, Appellant, v Alan Campbell, Respondent. [54 NYS3d 456]—

Mulvey, J. Appeal from an order of the Supreme Court (Ferreira, J.), entered June 27, 2016 in Schoharie County, which granted defendant's motion for summary judgment dismissing the complaint.

In April 2014, plaintiff's three-year-old daughter was bitten on the face by defendant's dog, a 12-year-old Siberian husky. The attack took place while the child was visiting her grandmother, defendant's girlfriend, at defendant's premises. Plaintiff commenced this action to recover damages for the child's injuries. Defendant answered and thereafter moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion finding that defendant met his burden of proving that he had no prior knowledge of the dog's vicious propensities and plaintiff failed to raise a triable issue of fact. Plaintiff appeals.

On a motion for summary judgment, the movant has the "burden to establish 'a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to

demonstrate the absence of any material issues of fact' " (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see* CPLR 3212 [b]). In the context of a defendant's motion for summary judgment in a dog bite or attack case, the "defendant bears an initial burden to demonstrate that, prior to the incident giving rise to the lawsuit, he or she was without knowledge that the animal possessed any vicious or dangerous propensities" (*Gannon v Conti*, 86 AD3d 704, 705 [2011]; *see Miletich v Kopp*, 70 AD3d 1095, 1095 [2010]). Only if the defendant meets this initial burden, does the burden then shift to the plaintiff "to raise a triable question of fact as to whether defendant[ ] knew or should have known that [his or her] dog had . . . vicious propensities" (*Buicko v Neto*, 112 AD3d 1046, 1047 [2013]). "Once such knowledge is established, an owner faces strict liability for the harm the animal causes as a result of those propensities" (*Collier v Zambito*, 1 NY3d 444, 448 [2004] [citation omitted]). "In this procedural setting, all evidence must be viewed in the light most favorable to [the] plaintiff" (*Czarnecki v Welch*, 13 AD3d 952, 953 [2004] [citations omitted]; *see Calabro v Bennett*, 291 AD2d 616, 616 [2002]). We find that defendant did not satisfy his initial burden and, accordingly, we reverse.

On his motion, along with his deposition testimony, defendant submitted the deposition testimony of his girlfriend and that of plaintiff. However, rather than showing that he was entitled to summary judgment, the deposition testimony showed just the opposite. Defendant testified that the dog was chained outside in order to alert him to the presence of people in his yard and to protect business assets on his property. He testified that the dog is "there to bark" and that barking and running to the full extent of its chain when people enter the property is the dog's "job." Defendant described an incident three to five years prior to the instant bite in which the dog grabbed a customer's pant leg, though defendant claimed that the dog did not break any skin. We note that, even if the dog had not broken the person's skin, such aggressive behavior may reflect a proclivity to act in such a way that puts others at risk of harm and can be found to be evidence of a vicious propensity (*see Morse v Colombo*, 8 AD3d 808, 809 [2004]).

Notably, the following exchange took place during defendant's deposition:

"Q. And you have her on a chain, she'll run to the end of the chain as far as she can go, but the chain holds her back from being able to go any further?

"A. Correct.

"Q. And to prevent her from biting the people that come on the property?

"A. Correct. Correct. She has actually gotten off the chain when people were there and she hasn't bit [sic] them."

Later in his testimony, he explained an incident in which the dog broke its chain and circled a person:

"Q. And on that occasion when she got loose from the chain and went toward the person, were you at least initially nervous that she was going to bite [that person]?

"A. I didn't know. Obviously, I wondered, you know, but I didn't suspect so."

Further, both defendant and his girlfriend in their deposition testimony expressed concern about children going near the dog, in part because of the danger to children being tripped up by the dog's chain. Defendant's girlfriend was also unsure whether the dog would bite or react poorly if the children were to pet the dog, or grab the dog's hair the wrong way, and testified that the dog was very temperamental.

"Knowledge of vicious propensities may . . . be established by proof of prior acts of a similar kind of which the [defendant] had notice . . . even in the absence of proof that the dog had actually bitten someone—by evidence that it had been known to growl, snap or bare its teeth" (*Collier v Zambito*, 1 NY3d at 446-447). The evidence submitted by defendant shows that he kept a guard dog on a chain so that it could not bite people, it had previously broken its chain to get to, and then circle, a person who came on defendant's property, it had grabbed hold of another person's pant leg and children had been warned to stay away from the dog. All these factors reflect a proclivity for the dog to act in a way that puts others at risk of harm and that defendant knew, or should have known, of the dog's vicious propensity (*see id.* at 446; *Gannon v Conti*, 86 AD3d at 705; *Morse v Colombo*, 8 AD3d at 809; *Feit v Wehrli*, 67 AD3d 729, 729 [2009]). As such, we find that defendant failed to meet his burden of demonstrating that he was entitled to summary judgment such that the burden never shifted to plaintiff. Therefore, Supreme Court erred in granting his motion.

Peters, P.J., McCarthy, Egan Jr. and Aarons, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.