Hewitt v Palmer Veterinary Clinic, PC (2018 NY Slip Op 08396)





Hewitt v Palmer Veterinary Clinic, PC


2018 NY Slip Op 08396


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

526169

[*1]MARSHA HEWITT, Appellant,
v
PALMER VETERINARY CLINIC, PC, Respondent, et al., Defendant.

Calendar Date: September 13, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and

 Pritzker, JJ.

Schneider & Palcsik, Plattsburgh (Mark Schneider of counsel), for appellant.
Burke, Scolamiero & Hurd, LLP, Albany (Adam Hover of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Ellis, J.), entered October 18, 2017 in Clinton County, which, among other things, granted a motion by defendant Palmer Veterinary Clinic, PC for summary judgment dismissing the complaint against it.
The facts of this case are set forth more fully in a prior decision of this Court (145 AD3d 1415, 1415 [2016]). Briefly, in April 2014, a pit bull owned by defendant Ann Hemingway attacked plaintiff in the waiting room of a veterinary clinic owned by defendant Palmer Veterinary Clinic, PC (hereinafter defendant). As a consequence of this incident, plaintiff, in August 2014, commenced this negligence action against defendant and Hemingway [FN1]. In the bill of particulars, dated October 1, 2014, plaintiff alleged, among other things, that defendant "knew of the dog's vicious propensities," had "notice that the dog that attacked [her] was dangerous" and that defendant's office manager had "told [her] that the dog had a history of being vicious." In July 2017, plaintiff served a supplemental bill of particulars, in which she alleged, as relevant here, that defendant was "negligent in not giving an effective pain medication and/or anesthesia to the dog" and "negligent in not following the standard of care of dogs after surgery." In August 2017, plaintiff moved to, among other things, strike defendant's affirmative defense of apportionment under CPLR 1601 on the basis that defendant violated its nondelegable duty to provide a safe waiting room. Defendant opposed and cross-moved to preclude and dismiss the alternative theories raised in plaintiff's supplemental bill of particulars. Plaintiff opposed defendant's cross motion and, in so doing, moved to amend the complaint to plead an exception to CPLR 1601. In a September 2017 order, Supreme Court, among other things, denied plaintiff's motion to strike defendant's affirmative defense and motion to amend the complaint and granted defendant's cross motion to the extent of striking from the supplemental [*2]bill of particulars the claims alleging that defendant was negligent in not giving effective pain medication/anesthesia to the dog and in failing to follow the applicable standard of care of dogs following a surgery.
Defendant thereafter moved for summary judgment seeking dismissal of the complaint. Plaintiff opposed and cross-moved for partial summary judgment on the issue of liability. In an October 2017 order, Supreme Court granted defendant's motion and denied plaintiff's cross motion. Plaintiff now appeals from the October 2017 order. We affirm.
The Court of Appeals has generally held that when a domestic animal causes injury to another, the owner of the domestic animal is liable only under a theory of strict liability, which requires that the injured person demonstrate that the owner had notice of the animal's vicious propensities (see Doerr v Goldsmith, 25 NY3d 1114, 1116 [2015]; Petrone v Fernandez, 12 NY3d 546, 550 [2009]; Bernstein v Penny Whistle Toys, Inc., 10 NY3d 787, 788 [2008]; Bard v Jahnke, 6 NY3d 592, 599 [2006]; Collier v Zambito, 1 NY3d 444, 446-447 [2004]). Although we are cognizant that the strict liability rule has not escaped criticism (see Doerr v Goldsmith, 25 NY3d at 1154-1155 [Fahey, J., dissenting]; Bard v Jahnke, 6 NY3d at 601-602 [Smith, J., dissenting]; Scavetta v Wechsler, 149 AD3d 202, 211-212 [2017]), we have likewise applied this strict liability rule in actions against a dog owner involving injuries allegedly caused by his or her dog (see e.g. Olsen v Campbell, 150 AD3d 1460, 1461 [2017]; Clark v Heaps, 121 AD3d 1384, 1384 [2014]; Bloom v Van Lenten, 106 AD3d 1319, 1320 [2013]; Gordon v Davidson, 87 AD3d 769, 769 [2011]; Miletich v Kopp, 70 AD3d 1095, 1095 [2010]; Rose v Heaton, 39 AD3d 937, 938 [2007]). Plaintiff, however, contends that this strict liability rule does not apply because defendant did not own the dog who attacked her. More specifically, plaintiff argues that defendant, as a premises owner, breached its duty to provide a reasonably safe waiting room and, therefore, can be liable under a negligence theory. We disagree.
In Bernstein v Penny Whistle Toys, Inc. (40 AD3d 224, 224 [2007], affd 10 NY3d 787 [2008]), a case where an infant was bitten by a dog in a toy store, the First Department affirmed the dismissal of the entire complaint and held that the plaintiff therein was limited to a strict liability claim against the defendant dog owner and the defendant toy store. The dissent did not quarrel with the dismissal of the strict liability claim, but would have reinstated the negligence cause of action insofar as asserted against the dog owner and toy store (id. at 226). In the dissent's view, the dog owner and the toy store, in their capacity as proprietors of a business, owed an additional duty to the plaintiff to keep the premises in a reasonably safe condition (id.). The Court of Appeals, in a memorandum opinion, applied the strict liability rule and summarily held that the dismissal of the complaint against both the dog owner and toy store was correct "[s]ince there [was] no evidence . . . that the dog's owner had any knowledge of its vicious propensities" (Bernstein v Penny Whistle Toys, Inc., 10 NY3d at 787).
Even though the Court of Appeals in Bernstein v Penny Whistle Toys, Inc. (10 NY3d 787 [2008], supra) did not explicitly speak on the issue presented here, in our view, it is nonetheless persuasive. Indeed, since the Court of Appeals decided Bernstein, the other Appellate Divisions have cited it and likewise applied the strict liability rule in cases where the plaintiff seeks to recover from a defendant who maintained the premises where the injury occurred, but did not own the dog (see Easley v Animal Med. Ctr., 161 AD3d 525, 525 [1st Dept 2018], lv denied 32 NY3d 908 [2018]; Hargro v Ross, 134 AD3d 1461, 1462 [4th Dept 2015]; Christian v Petco Animal Supplies Stores, Inc., 54 AD3d 707, 708 [2d Dept 2008]). Accordingly, we hold that for defendant to be liable for the personal injuries allegedly sustained due to the dog attack that occurred in the waiting room, plaintiff must establish that defendant knew or should have known about the dog's vicious propensities.
That said, plaintiff acknowledges in her appellate brief that she is not asserting a claim for strict liability against defendant and that her claims against it are grounded in negligence and premises liability. In her opposition to defendant's summary judgment motion, plaintiff likewise conceded that she did not have a strict liability claim against defendant. In any event, even if a strict liability claim could be extrapolated from plaintiff's pleadings (cf. Scoyni v Chabowski, 72 [*3]AD3d 792, 793 [2010]), the record discloses that defendant did not have notice of the dog's vicious propensities prior to the April 2014 incident at issue (see Clark v Heaps, 121 AD3d at 1385; Illian v Butler, 66 AD3d 1312, 1313-1314 [2009]). As such, Supreme Court correctly granted defendant's motion for summary judgment and denied plaintiff's cross motion for partial summary judgment (see Filer v Adams, 106 AD3d 1417, 1419-1420 [2013]).
Plaintiff also contends that Supreme Court erred in striking allegations from the July 2017 supplemental bill of particulars claiming that defendant was "negligent in not giving effective pain medication and/or anesthesia to the dog" and "negligent in not following the standard of care of dogs after surgery." As an initial matter, we note that this argument centers on the relief granted to defendant in the September 2017 order, from which no appeal was taken by plaintiff. Notwithstanding the absence of a notice of appeal from the September 2017 order and, contrary to defendant's assertion, the September 2017 order is reviewable. In this regard, the October 2017 order, which plaintiff appealed from, is a final order inasmuch as it disposed of all causes of action and left nothing for further judicial action (see Burke v Crosson, 85 NY2d 10, 13 [1995]). Furthermore, under the circumstances of this case, the September 2017 order necessarily affects the October 2017 order given that, if Supreme Court had denied defendant's cross motion to dismiss the allegations at issue, a different theory of liability against defendant would have been injected into the action (see Oakes v Patel, 20 NY3d 633, 644-645 [2013]). Accordingly, plaintiff's appeal from the October 2017 order brings up for review the September 2017 order (see CPLR 5501 [a] [1]; Architectural Bldrs. Inc. v Pollard, 267 AD2d 704, 705 [1999]; Hurd v Lis, 126 AD2d 163, 166 [1987], lv dismissed 70 NY2d 872 [1987]).
As to the merits, Supreme Court correctly found that the new allegations in the July 2017 supplemental bill of particulars improperly expanded the theory of liability against defendant. As discussed, the theory of liability set forth in the complaint and in the October 2014 bill of particulars was premised on the notion that defendant was aware of the dog's vicious propensities. In July 2017, over three years after the dog attack, plaintiff alleged for the first time in the supplemental bill of particulars that defendant was negligent by not giving the dog effective pain medication and by not following the standard of care of dogs following a surgery. Assuming, without deciding, that the allegations at issue constituted a viable theory of recovery against defendant, these claims alleged a new theory of liability not previously asserted or discernable from the complaint and, therefore, were properly stricken (see Gagnon v City of Saratoga Springs, 51 AD3d 1096, 1099 [2008], lv denied 11 NY3d 706 [2008]; Cippitelli v Town of Niskayuna, 203 AD2d 632, 634 [1994]).
Finally, in view of our determination, plaintiff's assertion that Supreme Court erred in denying her motion to strike defendant's affirmative defense under CPLR article 16 is academic. In any event, it is without merit (see Rangolan v County of Nassau, 96 NY2d 42, 47-48 [2001]).
Mulvey and Pritzker, JJ., concur; Clark, J., not taking part.




Egan Jr., J.P. (concurring in part and dissenting in part).


I concur with the majority's decision to affirm Supreme Court's denial of plaintiff's cross motion for partial summary judgment. However, I respectfully dissent from that portion of the majority's decision that affirms Supreme Court's grant of summary judgment to defendant Palmer Veterinary Clinic, PC (hereinafter defendant). Although it is indeed the law in New York "that the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held [strictly] liable for the harm the animal causes as a result of those propensities" (Collier v Zambito, 1 NY3d 444, 446 [2004]; see Doerr v Goldsmith, 25 NY3d 1114, 1116 [2015]; Petrone v Fernandez, 12 NY3d 546, 550 [2009]; Bard v Jahnke, 6 NY3d 592, 596-597 [2006]; see also Vrooman v Lawyer, 13 Johns 339, 339 [1816]), defendant in this case is not the subject animal's owner.
The rationale behind the "vicious propensity rule" is that an animal owner is in a unique position, from day-to-day familiarity, to observe his or her animal's personality and demeanor and act accordingly based on that knowledge. Thus, the animal owner who is surprised for the first time by his or her animal's injurious behavior is not civilly liable. However, the owner who, because of past observation, is not surprised by his or her animal's injurious behavior is held strictly liable. It seems to me that, given the rationale underpinning this rule, it does not fit the situation where, as here, the defendant is not the animal's owner, but only the owner of the property on which the animal's injurious behavior occurred and, therefore, typically has no knowledge, one way or the other, of the animal's propensities. In such a case, it is my opinion that general principles of negligence and premises liability should apply (see generally Basso v Miller, 40 NY2d 233, 241 [1976]; see also Moorehead v Alexander, 28 AD3d 361, 361-362 [2006] [evidence that the defendant permitted a guest's animal to remain on his property after it demonstrated certain aggressive behavior raised an issue of fact as to whether the defendant was negligent in maintaining his property in a reasonably safe condition]; cf. Hastings v Sauve, 21 NY3d 122, 125-126 [2013]; Carey v Schwab, 122 AD3d 1142, 1144-1145 [2014], lv dismissed 25 NY3d 1062 [2015]; Williams v City of New York, 306 AD2d 203, 205-206 [2003]; Colarusso v Dunne, 286 AD2d 37, 39-41 [2001]; Schwartz v Armand Erpf Estate, 255 AD2d 35, 38-40 [1999], lv dismissed 94 NY2d 796 [1999]).[FN2]
While I am cognizant that the First, Second and Fourth Departments have extended the vicious propensity rule in certain situations to third-party property owners, despite the property owners not having any ownership of the animal (see Easley v Animal Med. Ctr., 161 AD3d 525, 525 [2018], lv denied 32 NY3d 906 [2018]; Hargro v Ross, 134 AD3d 1461, 1462 [2015]; Christian v Petco Animal Supplies Stores, Inc., 54 AD3d 707, 708 [2008]), this Court is not bound by those decisions (see Matter of County of St. Lawrence v Daines, 81 AD3d 212, 219 [2011], lv denied 17 NY3d 703 [2011]), and I would decline to extend the vicious propensity rule in such a manner. Similarly, I do not believe that the First Department's case in Bernstein v Penny Whistle Toys, Inc. (40 AD3d 224, 224 [2007], affd 10 NY3d 787 [2008]) is dispositive of this matter, as it is plainly distinguishable from the facts of the present case; unlike here, the defendant in Bernstein was both the owner of the animal who caused the injury as well as the owner of the toy store where the incident occurred and, in rendering its decision, the First Department did not differentiate between the defendant's liability as the animal's owner versus its liability as the owner of the store. Accordingly, under the present circumstances, I would deny defendant's motion for summary judgment dismissing the complaint and set the matter down for a trial as to whether, under the circumstances, defendant maintained its premises in a reasonably safe condition and/or adequately exercised control over the subject animal.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The action was discontinued against Hemingway in August 2017.

Footnote 2: The duty of a property owner to maintain his or her premises in a reasonably safe condition includes a duty to minimize foreseeable dangers on that property and extends to the obligation to supervise the conduct of invited guests when the property owner has "the opportunity to control such persons and [is] reasonably aware of the need for such control" (Pink v Rome Youth Hockey Assn., Inc., 28 NY3d 994, 997-998 [2016] [internal quotation marks and citation omitted]; see generally Lathers v Denero, 155 AD3d 1174, 1175 [2017]; Ahlers v Wildermuth, 70 AD3d 1154, 1154-1155 [2010]).