Price v Sarasene (2021 NY Slip Op 05908)





Price v Sarasene


2021 NY Slip Op 05908


Decided on October 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 28, 2021

531845
[*1]Richard Price et al., Appellants,
v
Emily Sarasene, Respondent. (And Another Related Action.)

Calendar Date:September 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

DeLorenzo, Grasso & Dalmata, LLP, Schenectady (Paul E. DeLorenzo of counsel), for appellants.
Law Offices of John Wallace, Syracuse (Fatima M. Sorbo of counsel), for respondent.



Lynch, J.
Appeal from an order of the Supreme Court (Masler, J.), entered June 29, 2020 in Cortland County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
In December 2016, plaintiff Richard Price was bitten by a dog named Sampson, who was owned by Lucas Gutchess and Theresa Brown. At the time of the incident, defendant was visiting Gutchess — her boyfriend — and took Sampson outside. Defendant was holding Sampson by the collar when Price, who was familiar with Sampson, walked up and put his right hand out, prompting Sampson to jump up and bite Price on the left arm. Price and his spouse, derivatively, commenced this action against defendant asserting claims for strict liability, negligence and loss of consortium.[FN1] Defendant joined issue and, in a consolidated motion, sought dismissal of the complaint pursuant to CPLR 3211 (a) (7) and summary judgment pursuant to CPLR 3212, arguing that she could not be held liable for Price's injuries because she did not own or harbor Sampson at any time and had no prior knowledge of any vicious propensities. Plaintiffs opposed the motion and, as relevant here, cross-moved for summary judgment on the issue of liability. Supreme Court, among other things, granted defendant's motion for summary judgment and dismissed the complaint, finding that she lacked actual or constructive knowledge that Sampson had any vicious propensities.[FN2] Plaintiffs appeal.
We affirm. Contrary to plaintiffs' contention, Supreme Court properly concluded that defendant could not be held strictly liable for Price's injuries.[FN3] To hold defendant strictly liable for Price's injuries, plaintiffs were required to establish that defendant knew or should have known that Sampson had vicious propensities (see Doerr v Goldsmith, 25 NY3d 1114, 1116 [2015]; Collier v Zambito, 1 NY3d 444, 446 [2004]; Olsen v Campbell, 150 AD3d 1460, 1461 [2017]). "A vicious propensity in this context need not involve any ferocious or aggressive behavior, but has instead been defined as 'a proclivity to act in a way that puts others at risk of harm, so long as such proclivity results in the injury giving rise to the lawsuit'" (Clark v Heaps, 121 AD3d 1384, 1384 [2014], quoting Bloom v Van Lenten, 106 AD3d 1319, 1320 [2013]; see Collier v Zambito, 1 NY3d at 447).
In the context of a summary judgment motion, the defendant bears the initial burden "to demonstrate that, prior to the incident giving rise to the lawsuit, he or she was without knowledge that the animal possessed any vicious or dangerous propensities" (Olsen v Campbell, 150 AD3d at 1461 [internal quotation marks and citations omitted]; see Thurber v Apmann, 91 AD3d 1257, 1257 [2012]). If that threshold showing is made, the burden then shifts to the plaintiff "to raise a triable question of fact as to whether [the] defendant knew or should have known that [the] dog had vicious propensities" (Olsen v Campbell, 150 AD3d at 1461 [internal quotation marks, brackets [*2]and citation omitted]).
In support of her summary judgment motion, defendant submitted, among other things, transcripts of plaintiffs' deposition testimony, wherein Price admitted that he did not believe that Sampson was a vicious dog. Although the testimony established that Sampson had been in two prior altercations with one of plaintiffs' dogs — and had lunged at individuals on certain occasions when they walked by — the record is devoid of evidence that defendant was made aware of these incidents. Defendant submitted her own affidavit averring that she had no prior knowledge of Sampson ever jumping, lunging or biting anyone, and had no prior discussions with Gutchess or anyone else about whether Sampson had previously been in altercations with other dogs. On this record, defendant satisfied her prima facie burden, thereby shifting the burden to plaintiffs to demonstrate a triable issue of fact (see Illian v Butler, 66 AD3d 1312, 1313 [2009]; Rose v Heaton, 39 AD3d 937, 938 [2007]). Plaintiffs have failed in that regard. Although the proof established that Sampson often barked at passersby, this is "normal canine behavior" that is insufficient to indicate that he had a propensity towards violence of which defendant should have known (Clark v Heaps, 121 AD3d at 1384 [internal quotation marks and citations omitted]; see Illian v Butler, 66 AD3d at 1314; Fontanas v Wilson, 300 AD2d 808, 809 [2002]; Roupp v Conrad, 287 AD2d 937, 938 [2001]). Similarly, the proof that Sampson was restrained with a chain while outside, and that defendant was aware of this fact, does not establish a triable question of fact on the issue of notice since there is no evidence that the decision to restrain Sampson in this manner was due to a concern that he would harm someone (see Collier v Zambito, 1 NY3d at 447). Finally, contrary to plaintiffs' contention, the "nature and severity of the attack" is insufficient to demonstrate that Sampson had a propensity towards violence (Sers v Manasia, 280 AD2d 539, 540 [2001], lv denied 96 NY2d 714 [2001]), and the fact that he has since been euthanized — a decision made by the owners, not defendant — is of no moment in these circumstances.
Also unavailing is plaintiffs' argument that the grant of summary judgment was premature because defendant had not yet been deposed. Plaintiffs' contention that defendant might admit to having knowledge of some relevant prior incident involving Sampson is purely speculative, particularly given her sworn affidavit to the contrary (see Ivory Dev., LLC v Roe, 135 AD3d 1216, 1224 [2016]; Bevens v Tarrant Mfg. Co., Inc., 48 AD3d 939, 942 [2008]). In light of our determination, defendant's alternative ground for affirmance is academic.
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Plaintiffs also commenced a separate action against Gutchess, Brown and the owners of the property where the incident occurred.

Footnote 2: The order also resolved motions brought in the related action, which are not being challenged on this appeal.

Footnote 3: Although defendant contends otherwise, we conclude that plaintiffs' constructive notice argument is properly preserved for our review.