J.S. v Mott (2023 NY Slip Op 03276)

J.S. v Mott

2023 NY Slip Op 03276

Decided on June 15, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 15, 2023

535842
[*1]J.S., an Infant, by B.S., Her Father and Guardian, et al., Respondents,
v
Amy Mott, Appellant.

Calendar Date:April 26, 2023

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Rivkin Radler LLP, Uniondale (Henry M. Mascia of counsel), for appellant.
Catania, Mahon & Rider, PLLC, Newburgh (Jeffrey S. Sculley of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Kevin R. Bryant, J.), entered June 16, 2022 in Ulster County, which denied defendant's motion for summary judgment dismissing the amended complaint.
In January 2019, plaintiff B.S.'s 15-year-old daughter (hereinafter the child) was bitten on the face by defendant's dog. The bite took place while the child was visiting defendant's son at defendant's residence. Plaintiff commenced this action, on behalf of the child, to recover damages for her injuries. Following joinder of issue and discovery, defendant moved for summary judgment. Supreme Court denied defendant's motion, finding issues of fact as to whether defendant knew or should have known of the dog's vicious propensities. Defendant appeals.
It has long been the rule that "the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held strictly liable for the harm the animal causes as a result of those propensities" (Gannon v Conti, 86 AD3d 704, 705 [3d Dept 2011] [internal quotation marks, brackets and citations omitted]). "In the context of a defendant's motion for summary judgment in a dog bite . . . case, the defendant bears an initial burden to demonstrate that, prior to the incident giving rise to the lawsuit, he or she was without knowledge that the animal possessed any vicious or dangerous propensities. Only if the defendant meets this initial burden, does the burden then shift to the plaintiff to raise a triable question of fact as to whether [the] defendant knew or should have known that his or her dog had vicious propensities" (Olsen v Campbell, 150 AD3d 1460, 1461 [3d Dept 2017] [internal quotation marks, brackets, ellipsis and citations omitted]; see Hamlin v Sullivan, 93 AD3d 1013, 1013 [3d Dept 2012]). The proof of such vicious propensities is not limited to evidence of a prior bite, but may include a showing that the dog had been known to engage in aggressive behavior, snap, growl or bare its teeth (see Collier v Zambito, 1 NY3d 444, 446-447 [2004]). In fact, it has been held that "[v]icious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (id. at 446 [internal quotation marks and citation omitted]; see Hamlin v Sullivan, 93 AD3d at 1014). Importantly, however, "normal canine behavior does not establish vicious propensities" (Clark v Heaps, 121 AD3d 1384, 1384 [3d Dept 2014] [internal quotation marks and citations omitted]).
In support of her summary judgment motion, defendant submitted, among other things, transcripts of the child's deposition, her own deposition and the deposition of two of defendant's children. Defendant alleged that she purchased the dog as a family pet three years prior to the incident to assist her daughter who was distraught over the death of their previous dog and also to help this daughter overcome a fear of dogs that she had developed after she was bitten by [*2]her father's dog. Defendant stated that her research revealed that the breed of their present dog, a Mountain Cur, has a sweet disposition and makes people feel secure. The defendant and her children testified that they had not seen the dog bite, growl at, bare her teeth or act aggressively toward anyone or another dog, nor had they received complaints from anyone about her behavior, from either neighbors or any of the numerous guests who have visited at defendant's residence. Furthermore, the child testified that whenever defendant's son talked about his dogs, he described them in terms such as sweet and nice. On this record, we are satisfied that defendant met her prima facie burden of establishing her lack of knowledge of vicious propensities with regard to the dog, thereby shifting the burden to plaintiff to demonstrate the existence of a triable issue of fact (see Price v Sarasene, 198 AD3d 1234, 1236 [3d Dept 2021], lv denied 38 NY3d 903 [2022]; Miletich v Kopp, 70 AD3d 1095, 1095 [3d Dept 2010]; Illian v Butler, 66 AD3d 1312, 1313 [3d Dept 2009]).
In response, plaintiff raises a number of issues, specifically pointing to the child's deposition testimony wherein she reported that before she met the dog, she had seen the dog and her puppies on FaceTime and observed them playing with each other. She described the play as at times somewhat aggressive and that at some point while they were playing, she had heard "them growl." The child also avers that defendant's son told her that the dog only dislikes males. Next, plaintiff cites to the fact that defendant's deposition revealed that she confined the dog to her bedroom when she was absent from her house, that the dog had a crate and that, on the day in question, she had instructed her son and the child to remain in the living room and not to go into the son's bedroom, where the bite eventually took place. Even when viewing the evidence in the light most favorable to plaintiff, as we must, we find that plaintiff failed to raise an issue so as to defeat the motion. As to the statement that the dogs were play fighting, the child admitted that she was unfamiliar with dogs and that she assumed because they were growling that they were fighting or at least unhappy with "what's [going on] around them." However, "[n]o court has found that a dog's growling at one or two other dogs is sufficient to establish vicious propensities" (Gervais v Laino, 112 AD3d 545, 547 [1st Dept 2013]; see Brooks v Parshall, 25 AD3d 853, 854 [3d Dept 2006]). Growling and barking during play activities among dogs is consistent with normal canine behavior (see Miletich v Kopp, 70 AD3d at 1096; Palleschi v Granger, 13 AD3d 871, 872 [3d Dept 2004]; Roupp v Conrad, 287 AD2d 937, 938 [3d Dept 2001]; Velazquez v Carns, 244 AD2d 620, 621 [3d Dept 1997]). Even if the growling could be considered some indication of vicious propensities, the child never identified the dog that bit her as being the dog that she heard growling. As to the [*3]statement that the dog dislikes males, the child testified that defendant's son told me "something about [the dogs] not liking guys, but as a joke." This is not proof of an aggressive behavior and, in any event, does not relate to the child because she is a female (see Hamlin v Sullivan, 93 AD3d at 1015; Campo v Holland, 32 AD3d 630, 631 [3d Dept 2006]). The mere fact that defendant kenneled the dog, and kept the dog in her bedroom when she was absent from her residence, does not support an inference that defendant was aware the dog might pose a danger, since there was no evidence that this was done due to a concern that the dog would harm someone (see Price v Sarasene, 198 AD3d at 1236); instead defendant's son stated that the dogs were kenneled because the puppies might escape. Additionally, it is undisputed that the dog was not confined, gated or tethered while the child was at the residence and in fact the child encouraged the dog to jump up on the bed next to her so she could pet it (see Miletich v Kopp, 70 AD3d at 1096; Campo v Holland, 32 AD3d at 632; Malpezzi v Ryan, 28 AD3d 1036, 1038 [3d Dept 2006]; Brooks v Parshall, 25 AD3d at 854; Palleschi v Granger, 13 AD3d at 872). Finally, defendant reasonably stated that her instruction that the child and her son remain in the living room and not enter his bedroom was because they were teenagers who were dating.
Plaintiff concedes that each of the facts and circumstances viewed independently might not raise an issue of fact to defeat the motion, but argues that, when viewed cumulatively, they raise a triable issue of fact. We disagree. These facts, even viewed cumulatively, do not accord with the principle that the sum is greater than its parts, as each part lacks merit. Furthermore, contrary to plaintiff's contention, the nature of the attack is insufficient to demonstrate prior knowledge of vicious propensity of the dog (see Price v Sarasene, 198 AD3d at 1236).[FN1] Unfortunately, this matter involves a vicious bite by the dog, but the operative question for strict liability to apply is whether defendant knew or should have been on notice as to the possibility of the bite. Here, plaintiff has simply not submitted any evidence to demand that a jury answer this question. Accordingly, we reverse and grant defendant's motion for summary judgment dismissing the complaint.
Lynch, J.P., Clark, Aarons and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion granted and complaint dismissed.

Footnotes

Footnote 1: Of note, the Pattern Jury Instructions do instruct as to the nature of the act; however, the instruction is not confined to the "nature," but instead provides that the jury may consider "if the nature and frequency of [the animal's] acts furnished reasonable ground to believe that it might cause an injury" (PJI 2:220 [emphasis added]).